## Case No. 11,826.
### RIGGS v. GRAEFF.
[2 Cranch, C. C. 298.][1]

Circuit Court, District of Columbia. April Term, 1822.

**BILL OF EXCHANGE — ACTION AGAINST INDORSER OF LOST BILL — INDEMNITY.**

The payee, indorser of a lost inland bill of exchange, is not liable to the indorsee, unless the latter has offered indemnity to the drawer and indorser against the lost bill, and demanded a new bill from the drawer.

Assumpsit by [Romulus Riggs] the indorsee against [Joseph Graeff, Jr.] the indorser of a lost inland bill of exchange. The declaration had three counts. The first was the

[1] [Reported by Hon. William Cranch, Chief Judge.]

common count upon the non-acceptance of the bill, without saying anything of its loss. The second was special, and averred the drawing of the bill at Washington, D. C., for $400, by one Charles S. Hanna upon John H. Hanna of Frankfort in Kentucky, at five days' sight for value received, payable to the defendant and by him indorsed to the plaintiff, dated on the 21st of January, 1819; and that the plaintiff, on the same day, caused the said bill to be inclosed in a letter addressed to Messrs. Wilson & Merrill, his correspondents at Frankfort, Kentucky, and put the said letter and bill into the post-office in Georgetown, so directed and addressed; and by the said letter required the said Wilson & Merrill, upon receipt of the bill, immediately to present the same to the said John H. Hanna for acceptance, and, if accepted, when due to collect the same. That the said letter and bill so inclosed in it never came to the hands of the said Wilson & Merrill, and is lost and destroyed and has never been heard of; that as soon as he was informed by Wilson & Merrill in answer to a letter of inquiry from the plaintiff that the said letter and bill had not come to hand, the plaintiff forthwith wrote to Wilson & Merrill to call upon the said John H. Hanna and inform him that a bill of the tenor and effect above mentioned had been negotiated and passed to the plaintiff, and that the same had been lost by transmission in the mail, and to demand of him to engage to pay the sum of money in the said bill mentioned according to the tenor and effect thereof and the indorsement thereon. That upon receipt of those instructions, the said Wilson & Merrill did call on the said John H. Hanna and inform him that the plaintiff had held a bill of the tenor above specified, and that the same had been lost in its transmission by mail between Georgetown and Frankfort, and did demand of him to accept for, and engage to pay the sum of money in the said bill mentioned, according to the tenor and effect thereof and the said indorsement thereon; but the said John H. Hanna did not then accept for, and engage to pay the said sum of money in the said bill mentioned, according to its tenor and effect and the indorsement thereon, but wholly refused so to do, and therein made default; of all which premises the said defendant, afterwards, namely, the day and year aforesaid had notice; by means whereof and by force of the custom and laws of merchants aforesaid, the said defendant became liable to pay to the said plaintiff the said sum of money in the said bill mentioned, when he should be thereto afterwards requested; and being so liable, &c., promised to pay, &c. The third count was for money had and received.

Mr. Dunlop and Mr. Key, for plaintiff, contended that it was not necessary for the plaintiff to tender indemnity, as more than a year had elapsed since the loss of the bill, and it had never been presented for ac-

ceptance or payment. Neglect to present for acceptance discharges the indorser. Chit. Bills (New Ed.) pp. 166, 178, 201–204.

Mr. Wallach, contra. If a bill be put in circulation, there is no limit to the time for presentation. It does not appear that the defendant may not yet be liable upon the bill itself. Indemnity, therefore, should have been offered before the plaintiff could be entitled to recover of this defendant. The plaintiff cannot recover without indemnity. Pierson v. Hutchinson, 2 Camp. 211; Chit. Bills. 175, 198, 208, 273.

THE COURT (nem. con.) decided that the plaintiff could not support the action upon the special count, as no indemnity had been tendered, nor any demand made of a new bill. And, that as the defendant did not receive any value for the bill, but indorsed it only to give it credit, the plaintiff could not recover upon the count for money had and received.