No. 19.—Lorenzo M. Biggers, plaintiff in error, *vs.* Stephen Pace, defendant in error.

[1.] A judgment of nonsuit will not be reversed, because directed to be enter-ed without the assent of the plaintiff or his counsel, where the evidence of-fered on his part would not support the action.

A motion for a nonsuit will be overruled where the jury might have inferred facts from the evidence, which would support the action.

[2.] Where the understanding of the parties to a contract are concurrent, and one is ready and willing, and offers to perform, and the other is not, the first is discharged from the performance of his part, and may maintain an action against the other.

[3.] A demand of goods sold, at the time and place specified, is *prima facie* evidence of the readiness of the purchaser to pay for them.

[4.] Where goods are to be delivered, and money paid, the actual offer and production of the money will be dispensed with, by proof of the express and repeated declarations of the seller, that he will not accept of it, or fulfil his agreement.

[5.] Notwithstanding the title may have passed from the seller to the buyer, yet if the former will not surrender the goods, the latter may either bring *trover* to recover the goods, or a special action on the case for damages, and recover the difference between the actual price contracted and the market value of the goods at the time and place when and where they should have been delivered.

CASE.—Tried before Judge ALEXANDER, Harris Superior Court, March Term, 1848.

The testimony is embodied in the opinion of the Court.

THOMAS & DOWNING, for plaintiff in error.

HINES HOLT, for defendant.

G. E. THOMAS, for plaintiff, cited and commented on the following authorities:

3 *T. R.* 683.   2 *Car & Paine*, 77.   12 *Com. Law Rep.* 35. 7 *Adolphus & Ellis*, 86.   8 *John. Rep.* 474.   34 *Com. Law Rep.* 40.   4 *Pick.* 258.   1 *Peters' C. C. R.* 15.   3 *Wash. C. C. R.* 165 *Chitty on Con.* 797.   9 *Vol. Law Rep.* 455.   *Chitty on Cont.* 799.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Lorenzo M. Biggers instituted suit in the Superior Court of Harris county, against Stephen Pace, upon the following instrument: " This is to certify that the undersigned has this day (18th July, 1845,) sold to L. M. Biggers one thousand bushels of good sound corn, to be delivered by the 10th day of November next, at or near Piedmont, in Harris county, Georgia, by the said L. M. Biggers paying to the undersigned fifty cents a bushel at the delivery of said corn."   Plaintiff, on the trial, proved by one John

Sharp, that he was present when a quantity of corn was meas-ured, contracted for by the plaintiff; it lacked twenty-five bushels of making up the complement, which was to be made up out of the grain then hauling out of the field of the defendant. Plaintiff having business to call him away, it was agreed between the parties that Wm. Alexander should stay and attend to the measuring of the balance of the corn. Plaintiff at that time offered the defendant $100, which he declined receiving, remarking that it would not fill up a place in his debts as large as his little finger. He added that he would rather have it all at once. The plaintiff replied that he would bring it over in a few days, if it would suit defendant as well. The defendant answered that a short time would make no difference with him. Witness was again present at an interview between the parties, three or four days after this, at defendant's house. Plaintiff asked defendant to go down to the lot where the corn was cribbed, and stated that he had come to pay him for the corn. Defendant said he could not get it; being asked why, he answered that he had been looking out for a place to slip out of the contract, and he thought he had found it. The plaintiff inquired how? The defendant replied that the obligation said, that the money was to be paid when the corn was delivered. The plaintiff asked if he considered the corn as delivered? The defendant said yes. The plaintiff remarked that he considered the corn as received, and was ready to pay for it; and then made a tender of the money by laying it on the end of the horse-trough, and requested the defendant to count it. The defendant said there was no use in counting it, he reckoned it was all there, and that he considered it a *lawful tender*, but that plaintiff could not get the corn, and he refused to count the money, or see it counted. Witness could not say how much money there was. Plaintiff told defendant that he had agreed to take in payment of the corn the fifty dollars which he had borrowed of him. The defendant replied, certainly, if I had let you have the corn. Plaintiff forewarned defendant not to interfere with the corn—that he considered it his. Defendant then took some corn out of the crack of the crib, and asked plaintiff if he called that stealing? Plaintiff said he considered that taking. Defendant said it was his corn, and that he would use it when he pleased, or words to that effect. That on the same day, plaintiff tendered the money to defendant in the city

of Columbus, at a certain store—it was between the twenty-fourth and thirtieth of October, 1845, and there was $500 tendered in payment for the corn. On defendant's refusing to count the money, plaintiff requested witness to count it, who did so. Defendant stepped off, and did not see the money counted, although requested by plaintiff to do so. *The amount of money tendered, was the full sum agreed to be paid for the corn.* On being cross-interrogated, witness, after repeating in substance the evidence already rehearsed, swore, "*that he did see plaintiff tender to defendant the full amount of money called for by contract, being five hundred dollars—it was in the city of Columbus, in G. B. Pholc's store, about the 27th or 28th of October,* 1845.

David Snell testified, that he was present at an interview between the parties on the 10th of November, 1845, about sun down, at the gin-house of defendant. Plaintiff told defendant that he had come to pay for the corn which he had brought him. Defendant replied that he could not have it—that he intended to keep the corn, until it would sell for one dollar per bushel. Plaintiff poured out the money on a cotton bag, and requested defendant to count it. Defendant stepped off very fast, and told plaintiff to go to his (defendant's) house, and he would count it for him. In going to the house, defendant acknowledged that he owed plaintiff fifty dollars. Witness was called in at the house to count the money, which he did in the presence of both parties. There was four hundred and fifty dollars in cash, besides the fifty dollars which defendant acknowledged he was indebted to plaintiff, which together making five hundred dollars, was then and there tendered in payment for the corn. *Defendant informed plaintiff that he could not have the corn at fifty cents per bushel,* but that as it was his, he might have it at seventy-five cents. There was nothing said as to any deficiency in the amount tendered. Plaintiff did demand the delivery of the corn, which defendant refused to perform in the manner heretofore stated. Plaintiff did not exhibit defendant's note, but stated that he had it in his pocket.

Plaintiff proved by McIntyre and Phillips, that the price of corn in the fall of 1845, was seventy-five cents per bushel, and by one of them, that defendant admitted that he sold to witness a part of the "disputed corn," between plaintiff and himself.

Plaintiff having closed his case, defendant by his counsel moved for a nonsuit on two grounds.

Biggers *vs.* Pace.

1st. That the gist of the plaintiff's suit was the failure of the defendant to deliver the corn according to contract, which the plaintiff had failed to prove.

2d. That the plaintiff had failed to prove any legal tender by him to defendant on the 10th day of November, in terms of the contract, of the five hundred dollars, the amount to be paid for said corn upon its delivery.

Which motion, after argument of counsel had, the Court decided to be well taken on the 2d ground, to-wit: that the plaintiff had offered *no* proof whatever of *payment* or *performance* on his part, or *tender* of *payment on the day named and appointed in the contract sued on*. And the counsel for the plaintiff, waiving his right to go to the jury with the case, under the opinion of the Court against him, submitted to a nonsuit, with leave to except to said decision, and then did except to the same.

[1.] The point for us to examine is, ought this case to have been submitted to the jury, and might they not have found facts from the evidence offered, to support the action ?

[2.] Was Biggers bound, under the proof in this case, to make what might be considered strictly technical *tender*, in order to maintain this suit ? We think not. The delivery of the corn, and the payment of the money, were to be done at the same time, They were concurrent conditions, to be simultaneously performed. And the doctrine is, that if one party is ready and willing, and offers to perform, and the other will not, the first is discharged from the performance of his part, and may maintain an action against the other. *Goodison vs. Nunn,* 4 *Term Rep.* 761. *Jones vs. Buckley, Dang.* 684.

[3.] Again, a demand of the goods sold, is sufficient *prima facie* evidence of the readiness of the purchaser to pay for them. 2 *Wm. Saund.* 352, *a, in notis.*

[4.] It should have been left to the jury, whether the plaintiff, on the 10th of November, and previously, had not shown an actual offer of the sum due. And if not, whether the actual production and offer of the money had not been dispensed with by the repeated and express declarations of Pace, that he would not accept the money and execute the contract.

[5.] It has been argued, that inasmuch as this action was brought for the non-delivery of the corn, there could be no recovery, as the plaintiff himself acknowledged that the corn was delivered

and received. Whether or not the corn was delivered, was a question of fact for the jury. Taking the whole testimony of Tharp, we think it clear, that the corn never was delivered. It was in defendant's crib, and on his premises. He never parted with the dominion over it. In the presence of Tharp, the witness, he not only asserted his property in it, but exercised acts of ownership over it. But admit that the title had passed to Biggers, the buyer, if Pace, the seller, would not surrender the corn, Biggers might either reclaim the corn by an action of *trover, (1 Car. & Payne,* 593. 2 *Bing.* 527. 5 *Maul. & Selw.* 105. 9 *Barn. & Cress.* 59,) or he could, as he has done, bring a special action on the case for damages, and recover the market value of the corn at the time and place when and where it was to have deen delivered. 1 *Car. & Payne,* 635. 3 *Wheat.* 200. 6 *Wheat.* 109. 2 *Barn. & Cress.* 624. 2 *Cranch,* 298. 9 *Barn. & Cress.* 145. 9 *Wend.* 129. 4 *Paige,* 561. 7 *Cowen,* 681. 1 *Peter's C. C. R.* 85. Of course, as the corn had not been paid for, Biggers could only recover as damages the difference between the actual price contracted for and its market value on the 10th of November, 1845, at or near Piedmont, in Harris county, when and where the corn should have been delivered.

Let the judgment, therefore, of nonsuit be reversed, and the case reinstated.