## 38852. DRENNON FOOD PRODUCTS COMPANY v. DRENNON.

DECIDED JUNE 23, 1961.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr., M. K. Pentecost, Jr.,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin, Larry I. Bogart,* contra.

HALL, Judge. ■ The petition alleged that the plaintiff was an

employee of the defendant corporation and held 100 shares of stock therein. The bylaws of the corporation provided: "The capital stock of this corporation which may be at any time owned by an employee or officer shall upon such officer or employee leaving the employ of the company be surrendered to the corporation itself or the stockholders or any part of them by such employee or officer upon leaving the employ of the corporation for any reason including death, and the sale price of the said stock shall be the book value of the said stock as shown by the corporation's books." This provision was endorsed upon the stock certificates. The petition further alleged that the plaintiff was discharged from his employment, and thereafter tendered his stock certificates and demanded payment; and the defendant refused to pay him for his stock, and therefore was indebted to him for $19,944 and interest thereon.

In evidence were the minutes of a special meeting of the stockholders of the company held March 6, 1958, at which a resolution was adopted discharging the plaintiff as a director, and ratifying the action of the president discharging the plaintiff as an employee and vice-president. A further resolution was adopted directing the plaintiff to deliver his stock certificates to the treasurer of the corporation, and directing the treasurer, Raymond R. Ewing, to pay the plaintiff "in exchange for said stock certificates the book value thereof." At a special meeting of the directors, held immediately following adjournment of the stockholders' meeting, a motion was adopted by the directors ratifying the action of the president discharging the plaintiff as vice-president. The evidence shows that on February 16, 1959, James I. Rankin, plaintiff's attorney, took the stock certificates to the office of R. R. Ewing, treasurer of the company. Mr. Rankin showed the certificates to Mr. Ewing. Mr. Ewing stated that he had no authority to pay the amount due or to give a receipt for them, had no responsibility whatever about the stock, and that Mr. Rankin could not handle it with him. Mr. Rankin stated that he was not willing to leave the stock certificates without a receipt. He left with Mr. Ewing a letter addressed to the corporation to the attention of Mr. Ewing as treasurer, stating that he had plaintiff's stock certi-

ficates duly transferred in blank, and requested a prompt appointment for the purpose of delivering the stock certificates and receiving payment therefor.

The defendant contends that the verdict and judgment must fall because plaintiff failed at the trial to prove a valid tender of his stock certificates to the corporation. The plaintiff contends that it was necessary for him to show only a willingness to perform on his part and a refusal by the defendant to perform its obligation. It is not necessary to decide whether or not tender of plaintiff's stock certificates was a condition precedent to his right to recover from defendant. The facts above show an offer to perform by plaintiff, or a tender and rejection sufficient to satisfy legal requirements and the express terms of the stock contract. *Code* §§ 20-902, 20-1105; *Biggers v. Pace*, 5 Ga. 171; *Henderson v. Willis*, 160 Ga. 638 (128 SE 807); *Blount v. Lynch*, 24 Ga. App. 217 (100 SE 644); *Turner v. Hillyer*, 28 Ga. App. 736 (113 SE 111).

■ Defendant contends further that plaintiff was required but failed to prove the book value of the stock on February 16, 1959. The corporation's balance sheets as of September 30 in the years 1957, 1958 and 1959 were in evidence. Mr. Ewing, the corporation's treasurer, testified that the book values of the stock, per share, calculated from these balance sheets, respectively, was $199.44, $200.94 and $209.79. The plaintiff sued for and the verdict was the principal sum of $19,944 which, according to the above evidence was the book value of plaintiff's 100 shares on September 30, 1957.

The contract respecting stock held by an employee contemplates payment of the book value as shown by the corporation's books at the time the employee leaves the employ of the corporation. The corporation's annual financial statements and Mr. Ewing's testimony show that the book value increased after plaintiff's discharge. The defendant did not contend at the trial or on this appeal that the book value of plaintiff's shares at any time during the years 1958 and 1959 was less than that shown by the balance sheet of September 30, 1957.

The value of property in controversy at a given time may be proved by evidence of its value a short time before or after

the given time. *Hunt v. Hardwick & Co.*, 68 Ga. 100; *Wallace v. Jones*, 93 Ga. 419 (21 SE 89); *Atlantic Coast Line R. Co. v. Harris*, 1 Ga. App. 667 (57 SE 1030); Enterprise Bldg. &c. Soc. v. Bolin, 12 Colo. App. 304 (55 P. 740). In this case the corporation's books were the agreed measure of value. By the corporation's balance sheets as of September 30, in 1957, 1958 and 1959, showing the book value of the stock as of those dates, the plaintiff sufficiently proved the book value of his stock on the date he was discharged, March 6, 1958, as required by the contract, and on the date the defendant contended was decisive, February 16, 1959.

The evidence supported the verdict and judgment for plaintiff on count 1. The trial court's overruling of grounds 1, 2, 3, 4 and 5 of defendant's motion for new trial was not error.

*Judgment affirmed. Felton, C.J., and Bell, J., concur.*