24640.   CHILDS v. CHILDS.

ARGUED MAY 16, 1968—DECIDED SEPTEMBER 23, 1968.

*Zachary, Hunter, Zachary & Bowden, John Calvin Hunter,* for appellant.

*Harvey & Rhodes, E. C. Harvey, Jr.,* for appellee.

ALMAND, Presiding Justice.   This appeal seeks to review the verdict and judgment granting the plaintiff wife a divorce and permanent alimony for herself and three minor children.

Gwendolyn H. Childs in her suit sought a divorce against John A. Childs, Jr. on the grounds of cruel treatment and habitual intoxication.   Further, she prayed for the award of temporary and permanent alimony for the support of herself and their three minor children.

On the trial of the case the jury by its verdict granted a divorce on the wife's petition and granted her the equity in three parcels of improved real estate and certain items of personal property as permanent alimony for her support and awarded the

sum of $35 per child per week for the support of the three minor children.

The defendant's motion for a new trial on the general grounds was overruled, and defendant appealed the case to this court for review.

■ It is contended that the evidence is insufficient to support a finding by the jury that the defendant was guilty of cruel treatment or habitual intoxication so as to authorize the granting of a divorce.

In her petition the plaintiff alleged "that the defendant has a violent temper and without cause or provocation will fly into a rage, cursing and abusing the plaintiff, calling her vile and filthy names, and without reason or justification, accusing the plaintiff of misconduct. The defendant goes and comes as he pleases, refusing to discuss his conduct with the plaintiff; he informed the plaintiff that what he does and where he goes is none of her business, that if she does not like it she can leave. The defendant in going and coming as he pleases, keeps irregular hours and drinks intoxicating beverages to an excess, often coming home under the influence of intoxicants. The defendant constantly abuses and threatens the plaintiff with bodily harm and injury, telling her that he will treat her as he pleases, and that if she doesn't like it he will do bodily harm to her. The defendant has, on numerous occasions, struck, hit and slapped the plaintiff about the head and face, and on the occasion that the plaintiff was forced to separate herself from the defendant, the defendant, in a rage, slapped the plaintiff, bent her finger over a bed, inflicting painful injury.

"Plaintiff shows that all of the foregoing acts of cruel and inhumane treatment toward her, and inflicted upon her by the defendant, have been wilful and deliberate and have caused the plaintiff to suffer great mental and physical pain and anguish, and have caused her to fear for the safety of her health and life."

We have reviewed the evidence and find that it fully supports the allegations of the plaintiff's petition as to cruel treatment, and the verdict of the jury granting plaintiff a divorce is not contrary to the evidence.

■ The jury awarded the wife for her support three parcels

of improved real estate, viz.: (a) 2265 Amber Way, Decatur, Georgia, (b) 2458 Candler Road, Decatur, Georgia, a four-unit apartment, and (c) 2414 Candler Road, Decatur, Georgia, a duplex apartment. She was also awarded a four-grave cemetery lot and a 1963 model automobile. As support for the three minor children, defendant was directed to pay the plaintiff the sum of $35 per child each week until each child reaches 21 years of age.

The jury by its verdict and the court by its decree directed the defendant to pay off the encumbrance of approximately $7,000 against the property located on 2265 Amber Way, by November 1, 1967. The verdict and decree provided that the plaintiff should assume the encumbrances against the four-unit apartment and the duplex apartment located on Candler Road in Decatur.

The defendant enumerates as error (a) the award of permanent alimony for the support of the plaintiff and (b) the requirement that defendant pay off the encumbrance on the Amber Way property by November 1, 1967, contending they are excessive.

The evidence bearing upon the financial status of the defendant was as follows: The defendant's business is that of owner and operator of (a) a skating rink, (b) a nine-hole golf course and (c) a par-3 miniature golf course. These enterprises were constructed on land leased by the defendant from his father. The defendant estimated the value of the equipment on the golf course as being about $5,000. He also testified his income in 1966 was $10,000, and his estimated income for 1967 was $7,000. Further, the evidence disclosed the amount of the loan against the duplex apartment located at 2414 Candler Road which plaintiff assumed under the decree was between six and seven thousand dollars, payable $98 a month and the debt against the four unit apartment located at 2458 Candler Road, which plaintiff also assumed was between nine and ten thousand dollars, payable $156 per month. The plaintiff testified that as a registered nurse her take home pay was $372 a month, that she was paying $128.90 a month on the purchase of an automobile and that rent on the house where she was presently living was $130 a month.

She further testified that the total cost of living and support for the children was $870 per month.

"The necessities of the wife, when entitled to alimony, and the husband's ability to pay it, are the controlling factors to be considered and followed in making an allowance for alimony; and awards therefor which are substantially disproportionate to either should not be permitted to stand." *Robertson v. Robertson*, 207 Ga. 686 (1a) (63 SE2d 876).

The evidence discloses that the defendant's income before taxes in 1966 was $10,000, and this amount included the sum of approximately $2,000 in net rental income from the three parcels of real estate which the jury awarded to the plaintiff.

The jury awarded alimony support for the three children of $35 per week for each child or a total annual sum of $5,460. Even if it be assumed that defendant's income in 1967 and 1968 was the same as in 1966, it would be reduced by about $2,000, an amount equal to the annual net rentals from the three parcels of real estate. Further, under the award of alimony for the support of the 3 children which annually amounts to $5,460, the defendant's net annual income, based upon his 1966 income, would be less than $3,000.

The jury by its verdict and the court by its decree of October 10, 1967, ordered the defendant to pay off by November 1, 1967, all the encumbrances on the property located at 2265 Amber Way which amounted to $7,000. The defendant testified that he had a bank account of $190.

Under the evidence as to the necessities of the plaintiff wife and the defendant husband's ability to pay alimony for her support, the award of permanent alimony was excessive.

The judgment granting a divorce, awarding alimony for the support of the children and awarding the children's custody to the plaintiff is affirmed. A new trial is granted on the issue of permanent alimony for the support of the plaintiff.

*Judgment affirmed in part; reversed in part. All the Justices concur.*