## 25951. BALDWIN v. BALDWIN.

Felton, Justice. 1. The separate estates and earning capacity of the wife and the husband's ability to pay, as well as the necessities of the wife, when entitled to alimony, are the controlling factors to be considered and followed in making an allowance for alimony; and awards therefor which are substantially disproportionate to either should not be permitted to stand. *Robertson v. Robertson*, 207 Ga. 686 (1) (63 SE2d 876); *Code* § 30-209, as amended (Ga. L. 1966, p. 160).

2. Under the facts of the instant case, the judgment for permanent alimony, child support, attorney's fees and the mat-

rimonial domicile was grossly excessive; therefore, the court erred in its judgments making the above awards and overruling the motion for a new trial as amended.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 15, 1970—DECIDED SEPTEMBER 10, 1970.

*Hicks, Eubanks & Scroggins, John H. Hicks,* for appellant. *Parks & Eisenberg, David S. Eisenberg,* for appellee.

This appeal seeks to review the judgment of the trial court awarding the plaintiff wife the following: $400 per month as permanent alimony; $150 per month for each of three children as child support, to be increased to $200 upon a child's enrollment in a college or university, even in the event of such children's subsequent marriage or becoming self-supporting; $2,500 attorney's fees; and the matrimonial domicile jointly owned by the husband and wife.

The evidence bearing upon the financial status of the defendant was as follows: The defendant's financial condition was tabulated by an accounting firm employed by the plaintiff and her sister. Defendant was in the business of oil drilling and his business has drastically declined within the past few years. His income in 1966 was only $2,442.74 and in 1967 and 1968 he sustained net losses of approximately $29,000 and $23,000 respectively. His liabilities exceeded his assets by either $70,000 or $113,000. His business has been ruined because of his financial condition, to the extent that he no longer has any income. He has been offered a job paying $600 per month plus expenses and his maximum probable earning capacity is $1,000 per month. The report of the accounting firm stated that "From our review of cash transactions and the results of operations indicated by the records and tax returns for the two years ended December 31, 1968, *we have seen nothing to indicate a diversion of funds of any consequence.*" (Emphasis supplied.) Defendant had inherited $150,000 from his father's estate in 1960, on which the parties had subsisted until it was depleted. He had adequately provided for his family before he got into financial difficulty. He is presently insolvent and is considering bankruptcy. The plaintiff wife has a job from which she is able to earn several

hundred dollars a month. She owned an interest in Colorado wheat land and certain promissory notes. She purchased a $66,000 home in Atlanta without any financial assistance from the defendant.