## 27827. SWINDELL v. SWINDELL.

PER CURIAM. This is an appeal from a judgment rendered in a divorce and alimony case. Appellee-wife brought an action below against appellant-husband seeking a divorce and alimony. The husband filed a counterclaim in which he asked for a divorce and also sought to have certain property interest of the wife decreed to be his property rather than hers.

A jury trial followed, and the jury's verdict granted a divorce to the husband and granted certain specified property to the wife as permanent alimony.

The jury's verdict was made the judgment of the court, and the husband filed a motion for a new trial. The motion for a new trial was amended twice and then overruled by the trial judge. The first amendment stated that the husband was not seeking a new trial on the issue of divorce but only on the issue of property division between the parties as permanent alimony for the wife. This amendment thus converted the motion for a new trial into a motion for a partial new trial.

Code § 30-130 says: "New trials may be granted in divorce suits as in other cases." Following a jury trial, a jury verdict, and a judgment, we have never before encountered a motion for a partial new trial.

In this case the husband's motion in effect says that the portion of the trial resulting in a divorce being awarded to him was all right, free from error, and that portion of the trial and the resulting verdict and judgment should stand. The portion of the trial, the portion of the verdict, and the portion of the judgment that he complains about as being erroneous all relate to the division of property and that property awarded to the wife as permanent alimony.

Can a party who considers that he has partially lost his case seek, through the vehicle of a motion for a new trial, a re-trial of only that part of the case that he considers that he has lost, while at the same time contending that that part of the case that he considers he has won is free from error and should be sustained?

It is readily seen that where a movant in a motion for a new trial is seeking to uphold a part of the verdict and a part of the judgment, the usual general grounds of a motion for a new trial are obviously without merit.

In this case, a number of the grounds of the amended motion for a new trial and several of the errors based thereon and enumerated in this court point to alleged infirmity of the entire trial, not just that portion of the trial relating to the award of permanent alimony. Some alleged errors relate to the sequestration of witnesses, the admission of rebuttal testimony over objection that it was clearly not rebuttal evidence, and the admission in evidence of a Colt pistol box as an exhibit over the husband's objection. Clearly these alleged errors, if they be meritorious, would require a reversal of the whole judgment rendered in the case, and it would follow that a new trial must be granted on all of the issues in the case.

We have been unable to find a divorce and alimony case in this jurisdiction wherein the movant in a motion for a new trial moved only for a partial re-trial on part but not all of the issues decided by the verdict and judgment in the case. Therefore, the motion for a partial new trial in this case appears to be an issue of first impression that must now be decided.

In the case of *Boone v. Boone,* 192 Ga. 579 (15 SE2d 868), the husband was awarded a divorce and the wife was awarded alimony. The wife moved for a new trial, not a partial new trial but a whole new trial. The trial judge overruled the motion for new trial insofar as it referred to a divorce, and the second verdict of the jury finding for a total divorce was affirmed. That part of the motion for new trial referring to alimony was granted, and a new trial was ordered on the question of permanent alimony. On appeal this court affirmed the authority of the trial judge to deny a new trial on the divorce issue and grant a new trial on the alimony issue. However, we read the decision in *Boone* to mean that a trial court or an appellate court, after examining the record and transcript to determine if the issues are readily divisible, can order a re-trial only on specified issues in the case that are readily divisible from other issues in the case that were rightly decided, free from error.

In the case of *Childs v. Childs,* 224 Ga. 531 (163 SE2d 693), the wife was awarded a divorce, permanent alimony for herself, custody of the children, and child support for three minor children. The husband made a motion for a new trial on the general grounds. His motion was overruled, and on appeal this court affirmed the judgment granting a divorce, awarding alimony for the support of the children, and awarding custody of the children to the wife. However, this court held that the evidence was insufficient to

support the award of permanent alimony to the wife, and a new trial was ordered only on the issue of the amount of permanent alimony for her.

*Childs,* like *Boone,* stands for the proposition that a court, if it can logically separate issues rightly decided from those wrongly decided, can order a re-trial only of those issues that can be separated and can be determined to have been fatally infected by some error that occurred in the trial of the case.

Since *Childs* and *Boone* are precedents for a trial court and an appellate court to grant a partial new trial on an issue or issues in a case that are severable from other issues in the case, we conclude that it is likewise proper for a litigant to move for a partial new trial in a divorce and alimony case where the issues are severable.

However, the problem with the motion for a partial new trial in the instant case is that most of the grounds contained therein do not relate to an issue or issues that are severable; these grounds, assuming that they are meritorious, would require the granting of a total new trial on all issues in the case; and the appellant has not asked for that.

We have carefully examined those special grounds of the motion for a partial new trial which relate only to the permanent alimony portion of the judgment attacked; it is questionable that these grounds are entirely severable from the issue of divorce; but conceding that these special grounds are severable, we have examined the transcript very carefully as it relates to these severable special grounds, and we find them to be without merit.

The trial judge was correct in overruling the appellant's motion for a partial new trial.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs specially.*

ARGUED APRIL 9, 1973 — DECIDED OCTOBER 4, 1973.

*Reinhardt, Whitley & Sims, Bob Reinhardt, Glenn Whitley, Knight & Perry, W. D. Knight,* for appellant.

*Jack Knight,* for appellee.

GUNTER, Justice, concurring specially. I concur in the judgment of affirmance but not with all that is said in the opinion by the court.

To me, a motion for a partial new trial is a brand new appellate vehicle. I have never before understood that after a jury trial, a jury verdict, and a judgment, a party to the case could successfully

move for a partial new trial. I have always heretofore understood that a losing party must move for a new trial of the whole matter and run the risk of getting just that. It has never before occurred to me that a litigant could elect to retain the sweet result of the whole and reject the bitter result of the whole. I did not know that our practice and procedure would permit such an election by a party to an action.

I do not believe that the *Childs* and *Boone* cases, cited in the majority opinion, stand for the proposition that a litigant can make a motion for a partial new trial. Those two cases say that a trial court and an appellate court in this state, upon consideration of a motion for a total new trial, can order a partial retrial of certain issues in a case if those issues are severable from the other issues in the case that were correctly determined. I see and I make a distinction between a court-ordered retrial on certain issues that are determined by a court to be severable and a motion for a partial new trial by a litigant who contends that he should have a retrial on certain issues that he deems to be severable from the other issues in the case.

I doubt very much the wisdom and the practicality of a holding by this court that will permit a litigant, under our practice and procedure, to make a motion for a partial new trial.

However, I agree that the judgment of the court affirming the trial court's judgment in this case is correct.