## 29148. BURNEY v. BURNEY.

ARGUED SEPTEMBER 13, 1974 — DECIDED NOVEMBER 18, 1974.

*Robert S. Travis,* for appellant.
*Mobley F. Childs, John R. Grimes,* for appellee.

GRICE, Chief Justice.

Sara Jeanette Burney appeals from a judgment entered in the Superior Court of DeKalb County on the equitable complaint of Arthur George Burney to set aside a judgment for divorce, child custody, and child support, which she had obtained against him.

The only error enumerated on the appeal was as follows: "The trial court erred in vacating and setting aside the final judgment and decree in Civil Action No. 74127 as it related to custody, visitation rights and child support but allowing the decree of divorce to remain in full force and effect."

In the divorce action the appellant alleged that the parties were married on January 21, 1965; and that two named children (surnamed "Smith") were "born to the parties," one on September 10, 1962 and the other on September 15, 1963. Final judgment was entered on December 17, 1973, granting a divorce to the appellant, awarding to her custody of the children and child support of $25 per week for each child, and giving visitation rights to the appellee. In the appellee's answer he denied the allegation that the two children were born to the parties.

This answer was filed two days after the divorce judgment was entered.

On March 14, 1974, the appellee brought an equitable complaint to set aside the divorce and child support judgment, alleging that he was prevented by reason of his confinement in a hospital from answering the divorce action in time, and asserting that the decree should be set aside because of the fraud of the appellant in claiming that the two children were the issue of their marriage, when in fact they were the issue of her previous marriage. A copy of the appellant's pleading in a former divorce action was attached to the equitable complaint, in which she alleged that the same children were born to the parties in that action.

The trial judge, after hearing evidence on the complaint to set aside the divorce judgment, held that there was sufficient evidence of fraud to set aside that part of the judgment relating to custody, visitation rights, and child support, but that the divorce remained in full force and effect, there being no fraud involved as to the rendition of the divorce decree.

The only question before this court is whether the trial judge erred in separating the judgments, vacating the portion pertaining to the two minor children, and leaving the divorce in effect.

This court has frequently held that verdicts for divorce, alimony, and child support are separable, and that this court in a proper case may affirm some provisions of the verdict and reverse others. See *Mell v. Mell,* 190 Ga. 508 (2) (9 SE2d 756); *Hyndman v. Hyndman,* 208 Ga. 797 (3) (69 SE2d 859); *Fried v. Fried,* 208 Ga. 861 (5) (69 SE2d 862); *Owens v. Owens,* 218 Ga. 336 (3) (127 SE2d 897); *McCurry v. McCurry,* 223 Ga. 334, 336 (155 SE2d 378); *Childs v. Childs,* 224 Ga. 531, 534 (163 SE2d 693).

In *Boone v. Boone,* 192 Ga. 579 (15 SE2d 868), this court had the question of whether a trial judge was authorized on motion for new trial in a divorce and alimony action to separate the verdict and order a new trial as to the alimony only. It was held that the trial judge had this authority.

In *Knight v. Knight,* 209 Ga. 131 (3) (70 SE2d 770),

it was held: "The contentions of the wife that the court erred in not dismissing the motion to vacate the alimony award, upon the ground that the judgment awarding alimony can not be separately attacked, is likewise not meritorious."

In *Cowart v. Strickland,* 149 Ga. 397, 400 (100 SE 447, 7 ALR 1110) an ejectment case, this court held: "In the practical administration of the law, an issue once adjudicated without error may remain closed, where the judgment is divisible, while at the same time the trial court has it within his power to grant a new trial upon a separate, distinct, and independent issue involved in the same case."

In harmony with these decisions, a trial judge hearing an equitable complaint may set aside provisions in a judgment for child custody, visitation rights, and child support, where the fraud related only to these issues, and leave the divorce in effect.

The appellant here urges that, with the divorce (which she obtained) remaining in effect, she is foreclosed from any right to prove that her allegation as to paternity was true.

This contention is not valid. The equitable complaint to set aside the judgment for divorce and child support alleged that the appellant committed fraud on the court in her divorce action by obtaining a child support judgment for two children who were the issue of a former marriage of the appellee. The issue of the paternity of the children was litigated in the equitable complaint to set aside the judgment for divorce and child support, and was decided adversely to the appellant. She makes no enumeration of error contending that the evidence was insufficient to support the finding on this issue. Therefore this issue is closed.

*Judgment affirmed. All the Justices concur.*