## 31267. MOON v. MOON et al.

PER CURIAM.

This is an appeal from a jury verdict awarding the appellant wife a divorce and alimony on grounds of cruel treatment. Two corporations totally owned by the appellee husband and his family were joined as co-defendants because of an alleged fraudulent transaction (28 days preceding the wife's filing for divorce), in which all real estate owned by the husband was conveyed to Cat Creek Farms, Inc., a subsidiary of F. J. M. Farms, Inc. The trial court directed a verdict in favor of F. J. M. Farms, Inc. and the jury found in favor of Cat Creek Farms, Inc.

1. Enumerations of error 1 through 3 complain of the court's refusal to allow into evidence proof of ownership of various assets and a partial balance sheet of the parent corporation, F. J. M. Farms, Inc. The appellant contends that such evidence is the only way to prove the value of the husband's share of the corporations, because the stock is not traded on the open market. Book value of corporate

stock may be shown by the use of a balance sheet. *Drennon Food Products Co. v. Drennon,* 104 Ga. App. 19 (120 SE2d 902) (1961). The appellant in this case, according to the trial court's ruling, did not present a complete and properly authenticated balance sheet for admission. The exhibits are not in the record and, inasmuch as the issue of alimony must again be tried for the reasons shown in Division 2, it is unnecessary to determine if harmful error has been shown by the appellant wife on the issue of excluding such documentary evidence.

2. The fourth enumeration of error contends the trial court erred in not allowing the wife to testify that the husband prohibited her from working during the early years of the marriage. The appellant claims this testimony has a direct bearing on the amount of alimony to be awarded as well as the divorce issue itself. The separate estate and earning capacity of the wife should be considered by the jury in determining alimony. *Baldwin v. Baldwin,* 226 Ga. 680 (177 SE2d 85) (1970).

Certainly a wife who has training and skills which could be used to command good earnings but which were not used, because the husband prohibited her from working, will find years later that she has lost her formerly competitive position in the labor market.

If, to please the husband, the wife devotes her energy and time to the home and family, thereby sacrificing her public earning potential, it seems the jury should be able to take these factors into consideration in awarding alimony to her.

The rule followed for many years in Georgia has been that the "necessities of the wife . . . and the husband's ability to pay . . . are the controlling factors" when the wife is entitled to alimony. *Robertson v. Robertson,* 207 Ga. 686 (1a) (63 SE2d 876) (1951). The jury may take into consideration, among other factors, the wife's former position in the community as the wife of the defendant husband, her manner of living, her material resources and her income, if any. See *Fried v. Fried,* 211 Ga. 149, 150 (84 SE2d 576) (1954). Accord, *Baldwin v. Baldwin,* supra. This evidence has a direct bearing on the wife's earning capacity, or lack of it, and helps prove her need for alimony from the husband. The trial court erred in

excluding this testimony.

3. The fifth enumeration of error contends the court erred in permitting a question, over objection, to the wife in reference to whether she was claiming compensation for the cooking and cleaning which she had done during the marriage. The appellant argues that this was a question of law which she was not qualified to answer. The evidence shows that the question objected to was proper cross examination where the wife had testified as to the cooking etc. done by her during the years of the marriage.

4. The sixth enumeration of error contends the trial court erred in permitting the appellee to testify that property which he gave as security for a loan to the Federal Land Bank was the "minimum amount" of security acceptable by it to make a loan. The appellant asserts this was self-serving hearsay. The trial court correctly held that the statement was admissible to explain conduct and motive. Code § 38-302.

5. The seventh enumeration of error complains of the following charge: "In considering alimony payable to the wife, if you find that the wife is entitled to any alimony, the controlling factors to be considered are as follows: the separate estate of the wife, the necessities of the wife, the earning capacities of the wife . . ." The appellant concedes this is a correct principle of law, but claims it was not adjusted to the evidence presented in this case because there was no evidence of any material resource or manner and style of living of the appellant. The record contains evidence which authorized the charge given.

Inasmuch as no contention is made that the grant of the divorce was not authorized, a new trial is ordered on the issue of alimony only for the reasons stated in Division 2. Compare *Burney v. Burney,* 233 Ga. 216 (210 SE2d 727) (1974).

*Judgment reversed in part. All the Justices concur, except Nichols, C. J., and Undercofler, P. J., who dissent.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 29, 1976.

*Saliba & Newsom, George M. Saliba, Yancey &*

*Perkins, Howard E. Yancey, Jr.,* for appellant.
*Blackburn & Bright, J. Converse Bright, Barham & Bennett, John R. Bennett,* for appellees.

NICHOLS, Chief Justice, dissenting.

I dissent from the holding in Division 2 of the opinion and from the judgment of reversal. The appellant was permitted to testify that she had not worked outside the home during the early years of the marriage but was not permitted to testify that the appellee had insisted that she not work outside the home.

Code § 30-209 provides in part: "The jury rendering the final verdict in a divorce suit may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband. In all cases where alimony is awarded to the wife, her separate estate and earning capacity, as well as any fixed liabilities of the husband for the support of minor children, shall be taken into consideration in fixing the amount."

The cases cited by the majority properly hold that the separate estate and earning capacity of the wife should be considered by the jury in determining alimony. I have no objection to such holdings as they have long been the law in Georgia. My complaint deals solely with the contention that evidence as to the "reason" the wife did not work during the years of the marriage has any relationship to her earning capacity. Whether she did not work at the husband's request, or because she did not want to work, has no relevance to the question of her earning capacity. The fact that she did not work is material. This would explain that her former training and skills, unused, had affected her competitive position in the labor market, would thus affect her earning capacity and be relevant information for the jury's consideration.

To imply that a wife who refrained from working outside the home during the years of marriage solely due to her husband's request or demand is entitled to more alimony than a wife who of her own volition, or for other reasons which she may have deemed necessary, refrained from working outside the home, flies into the face of the statutory law as well as the decisions of this court.

I respectfully dissent.

I am authorized to state that Presiding Justice Undercofler concurs in this dissent.