## 36018. HARGRETT v. HARGRETT.

HILL, Justice.

At the conclusion of the first trial of this matter, the trial court directed a verdict as to certain properties and the jury granted the husband a divorce, denied alimony to the wife, denied the husband's claim to the wife's one-half interest in a $14,000 certificate of deposit, and declared three deeds to the wife to be null and void. A final judgment and decree was entered dissolving the marriage, granting child custody to the former husband, making the division of money and personal property and ordering the former wife to reconvey the three parcels of real estate. See *Hargrett v. Hargrett,* 244 Ga. 725 (251 SE2d 235) (1978).

On appeal by the wife (there was no cross appeal), this court found error in the jury instruction as to the husband's right to revoke the three deeds to his wife. We reversed. *Hargrett v. Hargrett,* supra.

Back before the trial court, the wife filed a motion to enforce the portions of the divorce judgment not reversed on appeal. The trial court denied this motion and certified the case for immediate review on the grounds that it was not clear whether all issues must be tried anew or only those involving the husband's conveyance of real property to the wife. We granted the wife's application for review.

Inasmuch as the determination of child custody does not involve the jury and inasmuch as we now have bifurcated divorce proceedings (*Davenport v. Davenport,* 243 Ga. 613, 614, 615, 619 (255 SE2d 695) (1979)), in the

interest of judicial economy we find no reason to retry the entire case where only one of several separable matters was found to be infected with reversible error. See *Burney v. Burney,* 233 Ga. 216 (210 SE2d 727) (1974) and cits. The cases relied upon by the former husband did not involve separable issues.

The former husband argues that upon retrial of the real property matters, there should also be a retrial of the personal property and monetary matters settled by the judge and jury at the first trial. Some of the property matters were resolved on directed verdict and the ownership of the certificate of deposit was resolved by the jury's verdict. There was no cross appeal as to property division and thus on appeal there was no finding of error as to the division of personal property. No relationship between the personal property and real property has been shown. Alimony was denied at the first trial and that issue is not to be relitigated in the next trial. The real property controversy remaining is not inseparable from the issues of divorce, alimony, child custody or from the other property matters.

The court below erred in overruling the former wife's motion for entry of judgment as to the matters of divorce, denial of alimony for the former wife, child custody and division of personal property. The only issue to be retried involves the three parcels of land.

*Judgment reversed. All the Justices concur.*

SUBMITTED FEBRUARY 29, 1980 — DECIDED APRIL 8, 1980.

*McDaniel, Seigler, Chorey & Taylor, William G. McDaniel,* for appellant.

*Richard D. Phillips, Glenn W. Thomas, Sr., Stanley H. Nylen,* for appellee.