## S93A0339. SPEED v. SPEED.
### (430 SE2d 348)

SEARS-COLLINS, Justice.

While they were married, the parties were involved in an automobile accident that left the husband, Wallace Speed (the appellee), a quadriplegic, and severely injured the wife, Teresa Speed. In settlement of their tort claims against the manufacturer of the vehicle they were driving, the driver of the other vehicle, and that driver's employer, the parties received a lump sum of cash, the husband received an annuity of $100,000 per year for life, and the wife received an annuity of $10,000 per year for life with 20 years guaranteed.

The husband transferred his portion of the settlement, including the annuity, into an irrevocable trust with himself as the sole beneficiary. The trust instrument instructs the trustees to distribute the trust principal and interest as necessary, in the trustees' discretion, for the husband's maintenance and support, and to pay the remainder to the husband's estate upon his death, to be administered in accordance with the husband's will. Additionally, the trust contains a spendthrift clause prohibiting the involuntary alienation of trust property for the satisfaction of debts or obligations incurred by the husband.

In the parties' subsequent divorce action, the trial court held without explanation that the trust is valid, and that since the husband had irrevocably transferred the trust property to the trustees, the trust property was no longer the property of the husband, and thus not subject to the wife's claims for alimony and equitable distribution of property. Therefore, concluded the trial court, the parties were barred from making any reference to the trust instrument, the settlement agreement, or the proceeds of the settlement agreement

during the trial. We granted the wife's application for interlocutory review.

1. The wife argues that the spendthrift provision of the trust prohibiting involuntary transfer of trust property is not enforceable because the husband is both the settlor and the sole beneficiary of the trust.[1] We agree.

> Except as otherwise provided in this subsection, a spendthrift provision prohibiting involuntary transfers is valid and enforceable. *A spendthrift provision prohibiting involuntary transfers is not valid if the beneficiary is the settlor.* A spendthrift provision prohibiting involuntary transfers is not valid as to [claims for alimony] against a distribution to a beneficiary, *other than a beneficiary who has a medically determined physical or mental disability* that substantially impairs the beneficiary's ability to provide for the beneficiary's care or custody and constitutes a substantial handicap . . . .

(Emphasis supplied.) OCGA § 53-12-28 (c).

The husband argues that because his physical disability removes him from the exception for alimony, the spendthrift clause protects the trust property from the wife's claims. The husband declines to address the previous sentence, however, which states unconditionally that *no* spendthrift provision is valid when the settlor is the sole beneficiary, which is undisputed in this case. However, for this Court to simply ignore that provision in determining the effect of the particular statutory language would be "contrary to the generally accepted principles for construing statutes." *Porter v. Food Giant*, 198 Ga. App. 736 (402 SE2d 766) (1991), see also *City of Roswell v. City of Atlanta*, 261 Ga. 657 (410 SE2d 28) (1991). Furthermore, even before the passage of the Act in Georgia, a person's own property could not

---

[1] Initially, the wife contends that because the husband is not a minor, incompetent, or spendthrift, a trust created for his benefit is invalid in its entirety under former OCGA § 53-12-25, see *Stephens v. Stephens*, 218 Ga. 671, 675 (130 SE2d 208) (1963), which was in effect at the time the trust was created. The wife argues that the 1988 repeal of OCGA § 53-12-25 (Ga. L. 1988, pp. 1939, 1942) should not bear upon the validity of this trust, created before the repeal, as such would be contrary to the constitutional prohibition against retroactive laws, 1983 Ga. Const., Art. I, Sec. I, Par. X.

In 1991, the General Assembly adopted the Georgia Trust Act (OCGA § 53-12-1 et seq.) (the "Act"). The wife does not dispute that the trust would be valid under the Act, see OCGA § 53-12-20, but argues that the Act does not apply to the trust because the trust was created before the repeal of the prior law, under which the trust would not be valid.

We need not decide in this case which law applies to the husband's trust, see OCGA § 53-12-3, since, even assuming the trust is valid under the 1991 Act, we hold that the trust property is subject to the wife's claims for alimony for the reasons outlined in Div. 1, and, of course, if the trust is invalid under the old law, the result would be the same.

be "conveyed to a trustee for the purpose of protecting it against his creditors." *Sargent v. Burdett*, 96 Ga. 111, 117 (22 SE 667) (1895); see also *Woodruff v. Trust Co. of Ga.*, 233 Ga. 135, 141 (210 SE2d 321) (1974). The invalidity of self-settled spendthrift trusts stems from the idea that no settlor, disabled or otherwise, should be permitted to put his own assets in a trust, of which he is the sole beneficiary, and shield those assets with a spendthrift clause, because to do so is "merely shift[ing] the settlor's assets from one pocket to another, [in an attempt to avoid creditors,]" 76 AmJur2d 164, Trusts, § 129. Therefore, because the husband is both the settlor and the sole beneficiary of the trust and to allow him to shield his assets with a spendthrift clause would be contrary to both express law and policy, we hold that the spendthrift clause is invalid and unenforceable, and does not protect the trust property from claims for alimony or property division.

2. Without a spendthrift clause or some statutory prohibition, "[c]reditors can bring a bill in equity to reach the interest of a beneficiary under a trust," *Henderson v. Collins*, 245 Ga. 776, 780 (267 SE2d 202) (1980), see also OCGA § 18-2-3, and within this context a spouse seeking alimony in a divorce action, which is an equitable proceeding, is considered a creditor, see *Carter v. Bush*, 216 Ga. 429, 430 (116 SE2d 568) (1960). Therefore, we hold that the trust income is subject to the wife's claims to the same extent any income of a spouse would be subject to the claims of the other spouse for alimony and distribution of property, see *Avera v. Avera*, 253 Ga. 16 (315 SE2d 883) (1984) (settlor was beneficiary but not *sole* beneficiary), and the trust principal is subject to the wife's claims for alimony and distribution of property to the extent of and in accordance with the laws regarding marital property and the division of settlement proceeds, see *Campbell v. Campbell*, 255 Ga. 461, 462 (339 SE2d 591) (1986).

For the reasons stated above, the decision of the trial court is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 7, 1993.

*Leon A. Wilson II*, for appellant.
*John R. Thigpen, Sr.*, for appellee.