S96A0454. ROLLINS v. ROLLINS.
(468 SE2d 384)

ORDER OF COURT.

It appearing that the application for discretionary appeal was improvidently granted, it is ordered that the appeal be hereby dis-

missed.

*All the Justices concur, except Benham, C. J., Sears and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

For the reasons which follow, I must respectfully dissent to the majority's dismissal of this appeal as improvidently granted.

In this divorce case, Mr. Rollins appealed from the final judgment and decree entered on a jury verdict which, in part, awarded Ms. Rollins $42,000 in lump sum alimony payable within one year. The trial court also awarded Ms. Rollins attorney's fees of about $9,000, likewise payable within one year. This Court granted Mr. Rollins' application for discretionary appeal, without dissent, to consider "[w]hether the awards of alimony and attorney['s] fees, which require Roger Rollins to pay $51,000 within a year of the date of the verdict, are excessive." Mr. Rollins contends that the awards were indeed excessive because there was insufficient evidence of his ability to pay over the span of just one year.

The parties at one time owned considerable real estate and a hardware business, but the business went bankrupt and all the property was foreclosed upon. Mr. Rollins testified that he now has a large indebtedness and no assets except a business begun by him and his father. According to Mr. Rollins, the business has not done as well as expected and his gross income has been $11,000 in 1993, $16,000 in 1994 and $6,000 in 1995 as of the April trial. Ms. Rollins relies upon Mr. Rollins' lack of credibility, his past earnings and assets and a single monthly bank statement showing total deposits into the business checking account of $4,600.

Awards of alimony and attorney's fees "which are substantially disproportionate to the husband's ability to pay are not permitted to stand. [Cit.]" *Smith v. Smith*, 237 Ga. 499, 500 (228 SE2d 883) (1976). See also *George v. George*, 233 Ga. 637 (1) (212 SE2d 813) (1975). In certain circumstances, the amounts of alimony and attorney's fees can be based upon earning capacity, but a party's past income is only one of numerous factors which must go into a determination of a party's earning capacity. *Duncan v. Duncan*, 262 Ga. 872, 873 (1) (426 SE2d 857) (1993).

The monthly bank statement relied upon by Ms. Rollins, without any showing of expenses in that month or the net business income in other months, was not evidence that Mr. Rollins had any property or resources from which the sum of $51,000 could have been paid within one year of the jury verdict, nor was there any other such evidence. *Weatherford v. Weatherford*, 204 Ga. 553, 555 (50 SE2d 323) (1948). See also *Baldwin v. Baldwin*, 226 Ga. 680 (177 SE2d 85) (1970). And, in my opinion, the jury was not authorized to find from the evidence

that Mr. Rollins' earnings might likely be increased in an amount sufficient to pay the $51,000 within one year. *Weatherford v. Weatherford,* supra. See also *Baldwin v. Baldwin,* supra.

Ms. Rollins had the burden of proof to show Mr. Rollins' ability to pay the $51,000. See *Bodrey v. Bodrey,* 246 Ga. 122, 124 (4) (269 SE2d 14) (1980); *Hollandsworth v. Hollandsworth,* 242 Ga. 790, 792 (3) (251 SE2d 532) (1979). Because, in my opinion, she produced no evidence which could meet that burden, I believe that the judgments of the trial court should be reversed. See *Duncan v. Duncan,* supra at 874-875 (2); *Childs v. Childs,* 224 Ga. 531, 534 (2) (163 SE2d 693) (1968). Therefore, I dissent to the order dismissing the appeal without consideration of the merits thereof.

I am authorized to state that Chief Justice Benham and Justice Sears join in this dissent.

DECIDED APRIL 8, 1996 —
RECONSIDERATION DENIED APRIL 29, 1996.

*Ronald C. Conner, Monica K. Gilroy,* for appellant.
*Anthony M. Zezima,* for appellee.