S00A1424. McGINN v. McGINN.
(540 SE2d 604)

CARLEY, Justice.

Richard McGinn (Husband) filed suit for divorce from Marilee McGinn (Wife), seeking joint child custody and an equitable division of property. Wife counterclaimed and sought sole child custody, child support, alimony and the equitable division of marital property. Husband is the beneficiary and co-trustee of a trust, the sole asset of which is stock in a Company owned by members of his family. Wife served a subpoena on the Company, seeking the production at a deposition of certain evidence, including testimony and documents regarding the formation of the trust, the value and financial records of the Company, and the compensation and benefits that Husband receives from the Company. The Company moved for a protective order, and Husband filed a motion in limine. In response, Wife moved to compel discovery. The trial court found that the trust principal is not subject to Wife's claims, granted the motions filed by the Company and Husband, and denied Wife's motion, but certified its order for immediate review. We granted this application for an interlocutory appeal.

Wife contends that, because Husband controls the trust in his capacities both as co-trustee and the holder of a general power of appointment, she is entitled to discover and present to a jury all information regarding the stock and income derived therefrom. As in *Avera v. Avera*, 253 Ga. 16 (315 SE2d 883) (1984), Husband is not the sole beneficiary of the trust and, thus, there is no merger of the legal and beneficial interests. Moreover, Husband is not the sole trustee of the trust. Therefore, the corpus of the trust is not subject to Wife's claims for alimony, child support, and distribution of property. Compare *Speed v. Speed*, 263 Ga. 166 (430 SE2d 348) (1993) (husband was settlor and sole beneficiary).

However, the separate estate of Husband is relevant in this divorce action. "Alimony is an allowance made out of one party's estate. . . ." OCGA § 19-6-1 (a). "[A]limony is authorized . . . to be awarded to either party in accordance with the needs of the party and the ability of the other party to pay." OCGA § 19-6-1 (c). In determining the amount of alimony, the finder of fact must consider the condition of the parties, including the assets and financial resources

of all types which constitute their separate estate. OCGA § 19-6-5 (a) (4), (7); *Moseley v. Moseley*, 214 Ga. 137, 142 (7) (a) (103 SE2d 540) (1958); *Fried v. Fried*, 211 Ga. 149, 151 (84 SE2d 576) (1954). Likewise, the factfinder should consider the estate of each party in making a division of property. *Rooks v. Rooks*, 252 Ga. 11, 12 (311 SE2d 169) (1984). The parties' separate estates may be relevant to the issue of child support as well. OCGA § 19-6-15 (b) (3). Although a court cannot base alimony on a bare expectancy or the possibility that a party may obtain an asset in the future, the factfinder can hear evidence of any currently held asset, even though its value is not fixed or certain at the time of trial. *Baldree v. Baldree*, 251 Ga. 481 (306 SE2d 654) (1983). See also *Courtney v. Courtney*, 256 Ga. 97 (1) (344 SE2d 421) (1986). Similarly, in determining the gross income upon which to base an award of child support, the trier of fact may calculate and utilize the reasonable earning potential of a spouse's asset. OCGA § 19-6-15 (b) (3).

Even though the Company's stock is not itself a part of Husband's separate estate, his interest in the trust is one of his assets which is relevant to the determination of his obligations in this divorce case. Furthermore, although the Company's income will not itself be available for the payment of those obligations, Husband will be able to use the portion of that income which he ultimately receives due to his interest in the trust. The trial court did not exclude, or prohibit discovery of, evidence regarding the trust, the trust document, the presence of Company stock in the trust, or previous distributions of income or principal to Husband. However, by excluding all evidence relating to the value of the stock and the assets, liabilities and income of the Company, the trial court foreclosed all proof regarding the value and earnings potential of the entire corpus of the trust. The Company is family-owned and not traded on the open market. Thus, in order to prove the value of the trust's share in the Company, Wife must be able to introduce at least some evidence of the Company's financial statements or other records. See *Moon v. Moon*, 237 Ga. 635 (1) (229 SE2d 440) (1976). The trial court's ruling precluded all such evidence and, thus, effectively prevents the finder of fact from considering Husband's interest in the trust as a part of his separate estate and from undertaking a reasonable calculation of his potential income therefrom.

The value and reasonable earnings potential of the stock which constitutes the corpus of the trust is discoverable because evidence thereof is admissible. See *Deloitte Haskins & Sells v. Green*, 187 Ga. App. 376, 378 (2) (370 SE2d 194) (1988). Therefore, the trial court erred in granting the Company's motion for a protective order and Husband's motion in limine, and in denying Wife's motion to compel. We note, however, that Wife agreed to the Company's alternative

request for an order requiring that its financial information be used only in connection with this case and disclosed solely to individuals involved in the representation of Wife. When parties contend that discovery requests unduly invade their privacy, "suitable protective orders insuring confidentiality may be sought." *Hodges v. Youmans*, 129 Ga. App. 481, 488 (8) (200 SE2d 157) (1973). Such orders are intended to be protective, not prohibitive. *Deloitte Haskins & Sells v. Green*, supra at 379 (2); *Bridges v. 20th Century Travel*, 149 Ga. App. 837, 839 (256 SE2d 102) (1979). Although the order was excessively prohibitive, the trial court still has an "obligation to assure that the scope of the discovery is restricted to the extent necessary to prevent an unreasonable intrusion into the defendant's privacy. [Cit.]" *Ledee v. Devoe*, 225 Ga. App. 620, 625 (2) (484 SE2d 344) (1997). Accordingly, we reverse the judgment of the trial court and remand the case for entry of an order which will provide reasonable protection for the Company's legitimate proprietary concerns regarding its financial information. See OCGA § 9-11-26 (c) (4), (5), (7).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*Lawler & Tanner, Andrew R. Pachman, Kutner & Bloom, Jean M. Kutner*, for appellant.

*Warner, Mayoue & Bates, Alvah O. Smith, Hope B. Allen, Dupree, Johnson, Poole & King, Hylton B. Dupree, Jr.*, for appellee.