9098.  HANCOCK v. KENNEDY.

JENKINS, J.  1. Proceedings for contempt are of two classes, punitive and remedial. A proceeding of the former class is intended to punish the offender for a past act of omission or commission which has disturbed the regular proceedings of the court, interfered with its proper func-tioning, resisted its authority, or reflected contempt upon it, and the authorized penalty in such a case is that prescribed by section 4849 (5) of the Civil Code of 1910; the latter or remedial proceeding is insti-tuted to preserve and enforce the rights of private parties, and may be resorted to as a means of compelling obedience to such court orders or duties as the offenders may wilfully or fraudulently fail or refuse to perform; and in such cases of continuing contempt it is within the power of competent courts to imprison the refractory party until he shall have obeyed the precept. *Cobb* v. *Black,* 34 *Ga.* 162, 166 (2); *Ryan* v. *Kingsbery,* 89 *Ga.* 228 (4) (15 S. E. 302); *Drakeford* v. *Adams,* 98 *Ga.* 722, 724 (25 S. E. 833); *Tindall* v. *Nisbet,* 113 *Ga.* 1114 (4, b), 1115 (39 S. E. 450, 55 L. R. A. 225).

2. Under both the pleadings and the evidence in this case, the proceeding was punitive in its nature, and sought to charge the respondent clerk with past and completed acts of omission and commission in the per-formance of his official duties; the pleadings negative any charge, and the proof any act, of a continuing breach of official duty, such as it lay within the power of respondent to rectify. The judgment as en-tered by the court was therefore illegal.

> *Judgment reversed. Wade, C. J., and Luke, J., concur.*
> DECIDED APRIL 9, 1918.

Rule for contempt; from Wilcox superior court—Judge Crum. June 18, 1917.

*M. B. Cannon, Eldridge Cutts,* for plaintiff in error.

*J. T. Hill,* contra.