### 40827. AVERA v. AVERA.
(315 SE2d 883)

GREGORY, Justice.

On March 21, 1967, appellee, J. Wray Avera II, established a trust which, in its amended form, is the subject of the litigation in this case. On August 11, 1967, appellee married appellant, Dorothy Paulk Avera. The couple had one daughter during the marriage; appellee has another daughter by a former marriage. On April 26, 1983, appellee filed for a divorce. Appellant answered and filed a counterclaim seeking a determination that, inter alia, the corpus of the trust is subject to her claims for alimony and child support. Appellant subsequently moved for partial summary judgment on this issue, maintaining the trust is not valid. Appellant alleged that since appellee is the settlor, trustee and sole beneficiary of the trust, the legal and beneficial interests have merged, and the corpus of the trust is subject to the claims of appellee's creditors.

The trial court denied appellant's motion for partial summary judgment, finding: (1) "the trust is valid"; (2) "the interest of [appellee] in the net income of the trust can be reached [by appellant] to satisfy an enforceable claim against him for alimony and child support"; (3) "the interest of [appellee] in the principal of the trust cannot be reached to satisfy an enforceable claim, except in the limited circumstances and to the limited extent set forth in paragraph 3(a) of the trust agreement."

Paragraph 3(a) of the trust agreement provides, "If at any time because of misfortune, illness, accident or infirmity, Grantor or any child or wife of his is in need of funds in excess of any funds reasonably available to such person, Trustee may in his discretion, pay to, or expend for, the benefit of any such person such sums out of the prin-

cipal of this trust as in the sole discretion of the Trustee may be necessary to meet such need."

We granted appellant's application to appeal and, now, affirm.

1. While appellant correctly points out that appellee is both settlor and the sole trustee of this trust, we cannot agree with her conclusion that appellee is the sole beneficiary. Paragraph 2 of the trust agreement provides that the trustee shall invest and manage the principal of the trust, paying the net income from the trust to the settlor during his lifetime. Paragraph 5(f) of the trust states that upon the settlor's death, the assets of the trust shall be divided into equal shares, with one share going to each of his children now in life and one share to "each other child of Grantor born after the execution of this [agreement]." The net income of the individual shares of the trust is to be distributed to these beneficiaries until each reaches fifty-five years of age, at which time the beneficiary may direct the successor trustee to distribute her share of the trust corpus to her.

Appellant concedes there are additional named beneficiaries to the trust, but argues that under Paragraph 9 of the agreement, appellee "can delete the rights of anyone in the trust other than himself; therefore he is the sole beneficiary."

Paragraph 9(a) provides the trust is irrevocable. Paragraph 9(b) states, "Grantor may amend . . . this agreement at any time and from time to time to provide for the disposition of the principal of the trust upon his death to or among such person or persons, in such amounts or proportions, and in such lawful interests or estates, or upon such trusts, as Grantor may designate, except that Grantor may not exercise this power in favor of his estate or any creditor of his."

"Where by the terms of the trust it is provided that the income shall be paid to the settlor for life and on his death the income or principal shall be paid to a designated third person, the settlor of course is not the sole beneficiary of the trust. So also where it is provided that on his death the principal shall be paid to his children or to his issue, he is not the sole beneficiary of the trust. This is true even though the settlor reserves a general power of appointment by deed or by will by the exercise of which he could exclude his children or issue." Scott on Trusts, 3rd ed., § 127.1, pp. 986-7. We agree with appellee that while the settlor has reserved the power to change the beneficiaries who are to receive the trust corpus upon his death under Paragraph 9(b), he may exercise this power only by naming a beneficiary other than himself, his estate, or his creditor. Under the terms of the trust agreement, there must always be at least one beneficiary in addition to the settlor.

2. Appellant contends that under Paragraph 3(a) of the trust agreement, quoted above, appellee, as trustee, may, in his discretion, distribute the entire corpus of the trust to himself. She argues that

since appellee has an unlimited discretion to invade the corpus of the trust, the corpus may be reached by appellee's creditors.

While we acknowledge there is a discretion in the trustee to encroach upon the corpus, we note he may do so only in the limited circumstances of "misfortune, illness, accident or infirmity," and for necessary sums when there are no other "funds reasonably available" to meet the particular need. This provision does not empower the trustee to invade the corpus with unlimited discretion. Compare, ALI, Restatement of the Law Second, Trusts, 2d ed., § 156 (b); Scott on Trusts, 3rd ed., § 156 (2), p. 1198.

3. Appellant argues that the trial court erred in ruling the trust is valid as there is evidence to show appellee fraudulently placed assets in the trust to remove them from the reach of his creditors. While these allegations of fraud appear in appellant's counterclaim, she did not raise this issue in her motion for partial summary judgment. In denying appellant's motion, the trial court ruled only on the allegations before it.

4. Last, appellant argues that the trial court's ruling which denied her motion for partial summary judgment was in fact a grant of summary judgment to appellee without affording her thirty days' notice under OCGA § 9-11-56. We do not agree. It is clear from the trial court's order that the only issues reached were those raised by appellant. Appellee did not file a motion for summary judgment. That the trial court did not resolve these issues in appellant's favor[1] does not convert the trial court's ruling to a grant of summary judgment to appellee.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 22, 1984.

*Lissner, Killian & Cunningham, Robert P. Killian,* for appellant.
*Gilbert, Gilbert, Whittle, Harrell, Gayner & Scarlett, Joseph A. Whittle, Wallace E. Harrell, Amanda F. Williams,* for appellee.

---

[1] We recognize the trial court did rule that appellant may satisfy her claims for alimony and child support from the net income of the trust.