44246. CAREY CANADA, INC. v. HINELY et al.
(356 SE2d 202)

MARSHALL, Chief Justice.

This case, *Carey Canada, Inc. v. Hinely,* 181 Ga. App. 364 (352 SE2d 398) (1986), is here on certiorari. The question for decision is whether the trial court, which is the State Court of Chatham County, by imposing a fine against the appellant in the amount of $500 per day for past violations of a court order compelling discovery, exceeded a jurisdictional limitation imposed on State Courts under OCGA § 15-7-4 (5). For reasons which follow, we conclude that it did.

This is a products-liability action against the appellant, which produces asbestos and goods containing asbestos. The trial court ordered the appellant to comply with the appellees' request for production of documents. The appellant refused to comply with this order

compelling discovery; and the appellees filed a motion for the imposition of sanctions under OCGA § 9-11-37 (b) (2) (D), which authorizes a court to treat as contempt of court the failure of a party to obey an order compelling discovery. The trial court entered an order imposing a fine against the appellant in the amount of $500 per day for violations of the discovery order up to the date of the contempt order, and the contempt order stated that the appellant could produce the requested records and purge itself of further fines. OCGA § 15-7-4 (5), supra, vests State Courts with jurisdiction to punish "contempts by fine not exceeding $500 or by imprisonment not exceeding 20 days, or both." *Cobb v. Black,* 34 Ga. 162 (2) (1865), constitutes authority for the proposition that the foregoing statutory limitation on the power of State Courts to punish for contempt applies to criminal contempt but not civil contempt. The distinction between the two is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order. *Hopkins v. Hopkins,* 244 Ga. 66 (1) (257 SE2d 900) (1979).

In this case, a 5-4 majority of the Court of Appeals affirmed the contempt order, holding that the fines imposed did not exceed the State Court's jurisdiction under § 15-7-4 (5), supra, in that "the contempt charged and adjudicated was not criminal, but civil." 181 Ga. App. at p. 371 (4). We agree with Judge Carley's dissenting opinion, which concludes that the imposition of a $500 fine per day for past violations of the court's discovery order was an adjudication of criminal contempt, and, therefore, the contempt order should be affirmed on condition that the fines in excess of $500 be stricken.

The judgment of the Court of Appeals is therefore reversed, and the contempt order is affirmed on condition that the fines in excess of $500 be stricken.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 27, 1987 —
RECONSIDERATION DENIED JUNE 17, 1987.

*Heard, Leverett, Adams & Phelps, E. Freeman Leverett, Brannen, Wessels & Searcy, Darlene Y. Ross, Greene, Buckley, Derieux & Jones, John D. Jones,* for appellant.

*Middleton & Anderson, Richard A. Middleton, Eugene C. Brooks IV, F. Mike Shaffer,* for appellees.