## 46898. McLEMORE v. WILBORN.
### (383 SE2d 892)

HUNT, Justice.

Carolyn McLemore filed a quit-claim deed purporting to transfer Edna Robinson's home and property to McLemore. Robinson filed this action to quiet title, claiming she had never conveyed the property, and the signature on the deed was a forgery. McLemore claims the deed was a valid gift given her by Robinson. The trial court granted summary judgment to the executor of Robinson's estate, holding that, if the deed was a gift to McLemore, the gift failed as an inter vivos transfer under OCGA § 44-5-80 (3) because there was no actual delivery of the home to McLemore, and no relinquishment of possession of the home by Robinson, during Robinson's lifetime.

In support of its holding, the trial court cited *Ansley v. Sunbelt Investment Realty,* 176 Ga. App. 693 (337 SE2d 448) (1985), wherein the Court of Appeals upheld summary judgment to the representative of the donor against the plaintiff's claim to a car as an inter vivos gift where there was no delivery of the car to the donee during the donor's lifetime. However, as to real property delivery is accomplished by delivery of an otherwise valid deed. See generally Pindar, Georgia Real Estate Law § 19-15 (3d ed. 1986). Delivery of the property itself is not required. See *Alropa Corp. v. Pomerance,* 190 Ga. 1, 13 (8 SE2d 62) (1940) (Bell, J., dissenting). Nor was summary judgment authorized because McLemore did not pay anything for the property. The deed recites the consideration of "One dollar . . . and other valuable consideration." This recitation provides adequate evidence of consideration, regardless whether the consideration was paid. *Barrett v. Simmons,* 235 Ga. 600, 601 (1) (221 SE2d 25) (1975). McLemore's possession of the deed, along with her testimony that it was given to her by Robinson create questions of fact regarding the issue in dispute — whether Robinson gave the home to McLemore. Thus, the trial court erred by granting summary judgment in favor of the executor of Robinson's estate.

*Judgment reversed. All the Justices concur, except Weltner, J., not participating.*

DECIDED SEPTEMBER 29, 1989.

*Mary Carole Cooney,* for appellant.
*Robert Altman,* for appellee.