A95A0586. GRANTHAM v. UNIVERSAL TAX SYSTEMS, INC.
(458 SE2d 870)

JOHNSON, Judge.

This is the second appearance of this case before this court. In the previous appeal, a different panel of this court affirmed the trial court's order enjoining James L. Grantham from working in a position for Orrtax similar to the one he held with Universal Tax Systems because such employment violated an enforceable non-competition clause in his contract with Universal, his former employer. (Case No. A94A2352, issued December 20, 1994, unpublished opinion, cert. denied April 7, 1995.) Orrtax was one of Universal's few competitors in the field of developing and implementing electronic filing systems of state tax returns.

On July 15, 1994, Universal filed a "Motion for Contempt and Motion for Expedited Hearing" asserting that Grantham was ignoring

the original July 1, 1994 order. On October 3, 1994, the trial court ruled on the motion, finding Grantham's activities at Orrtax violated the terms of the July 1, 1994 order and assessing a fine of $500 per day running from July 5, 1994, the date by which the trial court determined Grantham either knew or should have known the terms of its July 1, 1994 order. Grantham appeals, asserting the trial court erred in finding him in wilful contempt of its order of July 1, 1994, and that the trial court abused its discretion in imposing the $500 per day contempt penalty to be applied retroactively to approximately the date its initial order was entered.

1. Grantham's assertions that the trial court erred in finding him in wilful contempt, that his activities at Orrtax were outside the scope of the covenant not to compete, and that the trial court's original order contained omissions which were improperly supplied in its later contempt order, are without merit. The trial court's findings regarding both the validity and Grantham's violation of the non-competition clause, having been affirmed in the previous appeal, are conclusively binding upon him, and the record establishes by his own admission as well as through other evidence that he was engaged in exactly the same activities with Orrtax after the July 1, 1994 order as he had been before the order. In other words, the employment activities which had been determined to violate the non-competition clause were the same as the subsequent activities which formed the basis for the trial court's conclusion that Grantham was in wilful contempt of its July 1, 1994 order.

2. Grantham's assertion that the trial court imposed a greater fine than authorized by law for contempt is well founded. A general discussion of some of the fundamentals of the law of contempt of court is helpful in explaining why this enumeration of error is meritorious. For a thorough discussion of the law of contempt of court in Georgia, see Reaves and Johnson, "Contempt of Court in Georgia," *Georgia State Bar Journal*, Vol. 23, No. 2 (November 1986), pp. 66-73.

Acts of contempt are neither civil nor criminal. They are either direct, meaning they are committed within the sensory perception of the judge, or they are indirect, meaning they occur outside the sensory perception of the judge. Once an act has been determined to constitute contempt of court, the action the court takes to deal with the contempt determines whether the contempt is deemed "criminal" contempt or "civil" contempt, a distinction historically made by both appellate courts in this state. See *Cobb v. Black*, 34 Ga. 162, 166 (2) (1865); *Hancock v. Kennedy*, 22 Ga. App. 144 (1) (95 SE 735) (1918). "The distinction between the two is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing fu-

ture compliance with a prior court order." (Citation omitted.) *Carey Canada, Inc. v. Hinely*, 257 Ga. 150, 151 (356 SE2d 202), cert. denied, 484 U. S. 898 (108 SC 233, 98 LE2d 192) (1987).

In this case, as in *Carey*, the trial court levied a fine in the amount of $500 per day for violations occurring *prior to* the entry of the contempt order. These fines impose a punishment for contempt which had already occurred and could not be remedied. By imposing these fines, the trial court necessarily determined that the acts of contempt occurring prior to its order were to be treated as criminal contempt. OCGA § 15-7-4 (5) authorizes punishment of criminal contempt by "fine not exceeding $500.00 or by imprisonment not exceeding 20 days, or both." While the trial court did not err in finding Grantham in criminal contempt, that portion of the fine assessed in connection with criminal contempt in excess of $500 must be vacated so as to bring the trial court's punishment within the maximum fixed by OCGA § 15-7-4 (5). That portion of the trial court's order dealing with acts committed in violation of its order before October 3, 1994, is reversed as to amount only, and the case remanded for entry of an order consistent with this opinion.

No such limitation on fines exists with regard to the acts of contempt subsequent to the trial court's order of October 3, 1994, however. As to those acts, the purpose of the fine is remedial, that is to say, punishment designed and intended to deter future violations of the court's order. This contempt is thereby deemed civil. In imposing these fines, the trial court acts prospectively. In the event Grantham continues to violate the terms of the July 1, 1994, injunction *after having been adjudicated in contempt*, there would be no statutory limitation on the fine imposed by the trial court. Therefore, that portion of the trial court's judgment applying to acts in violation of the order which occurred or occur subsequent to October 3, 1994, are affirmed.

*Judgment affirmed in part, reversed in part. Case remanded with direction. Birdsong, P. J., and Smith, J., concur.*

DECIDED JUNE 28, 1995.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Mark M. J. Webb*, for appellant.

*Shaw, Maddox, Graham, Monk & Boling, Virginia B. Harman*, for appellee.