S97A0558. AVERA v. AVERA.
(485 SE2d 731)

BENHAM, Chief Justice.

Appellant Sandra Avera and appellee J. Wray Avera II were married in July 1984, and have two minor children. Wife filed a complaint for divorce in June 1993, and listed the home in which the family resided as her property. Husband filed an answer and counterclaim for divorce in which he contested Wife's sole ownership of the home. It is undisputed that title to the home is in Wife's name and that it was transferred to her in 1990 by a third party, an irrevocable trust established by Husband in 1967, with himself as the trustee of the trust.[1] Wife filed a motion for partial summary judgment asserting that the home was not subject to equitable division as marital property because it was her sole property. The trial court denied Wife's motion on the ground that the conveyance of the home to Wife was the result of the joint effort of the spouses to further the financial security of their family. This Court granted Wife's application for interlocutory discretionary review of the trial court's order.

1. "[O]nly the real and personal property and assets acquired by the parties during marriage is subject to equitable property division. [Cit.]" *Moore v. Moore*, 249 Ga. 27 (2) (287 SE2d 185) (1982). However, property acquired during the marriage by one spouse by gift, inheritance, bequest or devise remains the separate property of the recipient spouse, and is not subject to equitable division. *Bailey v. Bailey*, 250 Ga. 15 (295 SE2d 304) (1982). If, however, the property is acquired by one spouse as the result of an interspousal gift of marital property, the property retains its status as marital property. *McArthur v. McArthur*, 256 Ga. 762, 763 (353 SE2d 486) (1987). Should the separate property of one spouse appreciate in value during the marriage solely as a result of market forces, the appreciation is not a marital asset subject to equitable division; however, if the separate property's appreciation in value during the marriage is the result of efforts of either or both spouses, the appreciation becomes a

---

[1] The trust created by Husband was the subject of appellate litigation during Husband's 1983-84 divorce from his second wife. See *Avera v. Avera*, 253 Ga. 16 (315 SE2d 883) (1984).

marital asset subject to equitable division. *Bass v. Bass*, 264 Ga. 506, 507 (448 SE2d 366) (1994). The issues for determination in the case at bar are identification of the transferor of the property to Wife, the nature of that transfer and, if the property is Wife's separate property, the source of the appreciation in value, if any, of the property since its acquisition by Wife.

2. The warranty deed which conveyed the property to Wife identified the grantor as the trustee of the J. Wray Avera II Trust. The validity of the trust was upheld by this Court in *Avera v. Avera*, 253 Ga. 16 (315 SE2d 883) (1984). In the trustee's unsuccessful attempt to have the deed to Wife set aside, the conveyance of the property by the trust to Wife was ruled a transaction authorized by the trust, and that decision was affirmed by this Court without opinion. *Avera v. Avera*, 266 Ga. XXV (1996).[2] That legal title to the property was held by the trustee (OCGA § 53-12-2 (11)) who happened to be Husband does not diminish the fact that Wife received the property from the trust and not from Husband.

3. The trial court recognized that the transferred property was not the property of Husband, but found the transfer from the trust to Wife was marital property because Husband and Wife agreed it was in their family's best interest to have the trust convey the property to Wife, and both spouses participated in the conveyance: Husband executed the deed of conveyance on behalf of the trust and Wife accepted delivery thereof. We disagree with the trial court's analysis.

The trustee, as was found by the trial court in the action to set aside the deed, executed the deed of conveyance in performance of duties authorized by the trust: in his discretion, he withdrew property from the principal of the trust because beneficiaries of the trust, the grantor and his wife, were in need. See *Avera v. Avera*, supra, 266 Ga. XXV. In effect, the trial court in the action at bar ruled that the transfer to Wife from the trust was an interspousal transfer from Husband to Wife because Husband was the trustee of the trust. In so

---

[2] In ruling that the deed was not subject to being set aside, the trial court noted that the trust agreement authorized the Trustee, in his discretion, to expend sums out of the principal of the trust "[i]f at any time because of misfortune, illness, accident, or infirmity, Grantor or any child or wife of his is in need of funds in excess of any funds reasonably available to such person . . . ." The trial court found that the Averas "had experienced considerable financial problems from the time of their marriage . . . and had been required to sell personal property to supplement their income to meet their usual living expenses." The trial court concluded that the trustee acted consistent with his authority when he deeded the house to Wife in response to Wife's concern "about the financial welfare and security of their small children, as well as her own situation, in the event of [Husband's] death." Id. This Court affirmed without opinion the trustee's appeal which contended that the trial court erred when it determined that Wife's concern about financial security was tantamount to the "misfortune, illness, accident, or infirmity" that was required by the trust agreement before the corpus could be invaded.

doing, the trial court overlooked the valid separate status of the trust. See *Avera v. Avera*, supra, 253 Ga. 16. We reiterate what has been held before with regard to this trust and this transaction: the trust is a valid entity separate from Husband and the transfer of trust corpus to Wife was a conveyance authorized by the terms of the trust.

4. As stated earlier, property inherited by or given to, bequested to, or devised to one spouse during a marriage by a third party is the separate property of that spouse and is not subject to equitable division. *Bailey v. Bailey*, supra, 250 Ga. 15. Wife did not receive the property by means of inheritance, bequest, or devise. The issue then, is whether the valid distribution of trust corpus to Wife constitutes a "gift" from a third party. If so, the property is the separate property of Wife.

A valid gift must meet the requirements of OCGA § 44-5-80: the donor must intend to give the gift; the donee must accept the gift; and the gift must be delivered, or some act which the law recognizes as a substitute for delivery must be done. When real property is the subject of the gift, delivery of a valid deed is an acceptable substitute for delivery of the property itself. *McLemore v. Wilborn*, 259 Ga. 451 (383 SE2d 892) (1989). It is clear that the donor/trust had the intent to make a gift of the property since it irrevocably transferred a present, immediate interest. *Tucker v. Addison*, 265 Ga. 642 (1) (458 SE2d 653) (1995). The law presumes acceptance if the gift is of substantial benefit (OCGA § 44-5-81), and Wife accepted the deed of conveyance executed by the trustee. We conclude that the conveyance of the property from the trust to Wife was a gift; therefore, the corpus of the gift, the property at issue, is Wife's separate property.

5. While acknowledging that the land upon which the house is built was purchased with funds from the trust and that the deed of conveyance from the seller named the trust as grantee, Husband maintains that the house is marital property because he and Wife built the house together. In an affidavit executed in July 1996 and filed in opposition to Wife's motion for partial summary judgment, Husband explained that construction of the house began shortly after the Sea Island Company conveyed the lot to the trust and continued into 1987. During that time, Husband, with Wife's assistance, acted as general contractor and paid subcontractors between $100,000 and $155,000 with trust income. He recalled that Wife spent a $7,000 inheritance on improvements for the home, and that both Husband and Wife contributed approximately $15,000 to $35,000 of "sweat equity" to the construction of the home. Two years after the home was completed, Husband secured a "personal mortgage" with the property, through which mortgage he obtained funds for business purposes. A year later, approximately three years after

the house was completed, the trust conveyed the property to Wife, subject to the existing deed to secure debt. There is no evidence that, after the conveyance to the Wife, improvements were made to the home or funds were spent to pay off the home's purchase price, although Husband asserted he had made "interest only" payments on the personal mortgage he had obtained while the house was the property of the trust.

All of the expenditures listed by Husband, except the post-transfer "interest only" loan payments, occurred when the property belonged to neither spouse. In effect, Husband and Wife expended time, effort, and funds to build a home for a third entity, the trust which owned the property on which the house was built and from which came a great percentage of the funds used for construction. Husband's voluntary efforts on behalf of the trust cannot transform the gift to Wife into marital property when there was no plan at the time of Husband's efforts for the trust to convey the home and lot to Wife. However, if the trial court can determine that a portion of the home's purchase price was paid with marital funds after the conveyance to Wife, then a proportional share of the home may be a marital asset subject to equitable division. See *Thomas v. Thomas*, 259 Ga. 73, 75-76 (377 SE2d 666) (1989).

6. The determination that the house is Wife's separate property does not end the inquiry into whether the home represents marital property. As stated earlier, if the home has appreciated in value during the marriage since Wife received it and the appreciation is the result of the efforts of both or either spouse, the appreciation is marital property subject to equitable division. *Bass v. Bass*, supra.

We conclude that the trial court correctly denied Wife's motion for summary judgment, but incorrectly determined that the entire value of the home was marital property subject to equitable division. Accordingly, we vacate the trial court's judgment and remand the case to the trial court for further consideration in light of what has been determined herein.

*Judgment vacated and case remanded with direction.*

DECIDED MAY 5, 1997.

*Killian & Boyd, Roy J. Boyd, Jr.,* for appellant.
*Lane & Crowe, Grayson P. Lane,* for appellee.