**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 5, 2017**

# In the Court of Appeals of Georgia

A17A0381, A17A1067. SHOOTER ALLEY, INC. v. CITY OF DORAVILLE.

BETHEL, Judge.

Shooter Alley, Inc. appeals from a contempt order requiring it to pay $17,296.53 in attorney fees and litigation costs under OCGA § 9-15-14. Shooter Alley argues the trial court erred in awarding attorney fees against it, and that the underlying injunction imposes an impermissible prior restraint, is overbroad, and is based on a statute that is unconstitutional as applied.[1] We affirm the award and decline to consider the prior restraint argument for the reasons that follow.

---

[1] Shooter Alley separately appealed the injunction to Georgia's Supreme Court. The Supreme Court transferred the appeal to this Court as appeal number A17A1067. Because Shooter Alley also challenged the constitutionality of the injunction in appeal number A17A0381, we have combined the two appeals for the purposes of this opinion.

The record shows that Shooter Alley offered nude dance entertainment in unincorporated DeKalb County. After the property was annexed by the City of Doraville (the "City") in 2014, Shooter Alley filed suit against the City, challenging its adult entertainment ordinances. The City counterclaimed, seeking injunctive relief requiring Shooter Alley to honor the City's ordinances. The City moved for judgment on the pleadings, which the trial court granted, dismissing Shooter Alley's claims and granting a permanent injunction against Shooter Alley. Several months later, the City filed a motion for criminal and civil contempt against Shooter Alley for violating the injunction,[2] which the trial court granted.

In its order, the trial court found that Shooter Alley violated the injunction in numerous ways on several occasions. The trial court found Shooter Alley guilty of criminal contempt and fined it $15,000 under OCGA § 15-6-8 (5) for violations of the injunction. In its finding of civil contempt, the trial court set a prospective fine of $10,000 for each future violation of the injunction. Finally, the trial court also awarded the City its attorney fees and litigation expenses under OCGA § 9-15-14 (a) and (b) for having to bring the motion for civil contempt, which amounted to $17,296.53. This appeal followed.

[2] The City also requested attorney fees under OCGA § 9-15-14.

1. Shooter Alley first argues that the trial court erred in awarding attorney fees and litigation costs. In particular, Shooter Alley argues that: (a) the civil contempt award is improper because it is seeks to punish future uncommitted violations of a past order, and attorney fees could not have been awarded as a sanction for criminal contempt; (b) the trial court failed to hold a hearing on the grounds for and the amount of fees awarded under OCGA § 9-15-14; and (c) the trial court failed to enter findings of fact and conclusions of law that allocate fees to sanctionable conduct. We affirm under OCGA § 9-15-14 (a) if there is any evidence to support the award of attorney fees, while we review awards under subsection (b) for abuse of discretion. *Shiv Aban, Inc. v. Georgia Dep't of Transp.*, 336 Ga. App. 804, 814-15 (2) (784 SE2d 134) (2016).

(a) Shooter Alley challenges the award of attorney fees and litigation costs, arguing that the civil contempt award was improper, and that attorney fees and costs could not be awarded as a sanction for criminal contempt. "Acts of contempt are neither civil or criminal." *Grantham v. Universal Tax Sys., Inc.*, 217 Ga. App. 676, 677 (2) (458 SE2d 870) (1995). Once an act is considered to constitute contempt of court, the action the court takes to remedy it determines whether the contempt is deemed criminal or civil. *Id.* "The distinction between the two is that criminal

3

contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order." *Id.* (quoting *Carey Canada, Inc. v. Hinely*, 257 Ga. 150, 151 (356 SE2d 202) (1987)).

In this case, the trial court levied a "civil contempt sanction" in the amount of $10,000 for each future violation of the injunction. The trial court expressly stated that this amount was intended to prevent future violations of, and to coerce compliance with, the injunction. We have found no case law prohibiting such a civil contempt award, and Shooter Alley directs us to none.[3] Rather, Shooter Alley argues that the cases the trial court relied on in awarding civil contempt required the party to do or not do some action, which it claims is different than the trial court order here. This is obviously incorrect, as the injunction sets forth several prohibitions on Shooter Alley's conduct. Nor, as Shooter Alley argues, is the award of civil contempt based on an anticipatory breach of the injunction, a theory of recovery the Supreme Court rejected in *Hardman v. Hardman*, 295 Ga. 732, 739-40 (4) (763 SE2d 861)

---

[3] In *Murtagh v. Emory Univ.*, 321 Ga. App. 411 (741 SE2d 212) (2013), this Court noted that a prospective fine of $15,000 for any future violations of a settlement agreement "attempted to induce future obedience to the court's commands." *Id.* at 415 (2). But this was dicta.

4

(2014). Rather, civil contempt was awarded after Shooter Alley violated the injunction. Thus, the award is a valid civil contempt award.

While it is true that there is a prohibition against awarding attorney fees in criminal contempt proceedings, other authority such as OCGA § 9-15-14 may authorize an award of fees. *Murtagh*, 321 Ga. App. at 416 (3) (b). Under OCGA § 9-15-14 (a), the court shall award fees against a party that asserted a defense or other position with "such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the . . . defense, or other position." Under OCGA § 9-15-14 (b), the court may award fees against a party that "brought or defended an action, or any part thereof, that lacked substantial justification" or "unnecessarily expanded the proceeding by other improper conduct[.]" The trial court awarded attorney fees to the City under both provisions of this statute "for having to bring and argue this motion for civil contempt to coerce Shooter Alley's future compliance with the permanent injunction." Contrary to Shooter Alley's arguments, attorney fees and costs were not granted based on some theoretical future conduct. Nor was it awarded as a criminal contempt sanction. Rather, the award was based on Shooter Alley's conduct in litigating the contempt order. A party's conduct in litigation is a valid basis for awarding attorney fees. *See*

5

*Minor v. Minor*, 257 Ga. 706, 709 (2) (362 SE2d 208) (1987) (noting that OCGA §
9-15-14 can provide authority for awarding attorney fees in a contempt action where
warranted by a party's conduct).

(b) Shooter Alley next argues that the trial court erred when it failed to hold a
hearing on the grounds and amount of fees, and that the fees were neither reasonable
nor necessary. "[I]t is 'black letter law' that a hearing is required to enter an award
of attorney fees." *Moore v. Moore*, 307 Ga. App. 889, 899 (1) (706 SE2d 465) (2011).
In order for an award under OCGA § 9-15-14 to be valid, "the trial court must
conduct an evidentiary hearing to determine the amount of reasonable and necessary
attorney fees, and the failure to do so is reversible error." *Id.* (citation omitted). An
exception to this requirement exists where a party against whom attorney fees may
be awarded waives the hearing either expressly or by its conduct. *Williams v. Becker*,
294 Ga. 411, 413 (2) (a) (754 SE2d 11) (2014). The City argues Shooter Alley waived
its right to a separate evidentiary hearing on attorney fees by failing to respond to the
City's initial motion seeking them, and by failing to lodge an objection to this effect
at the hearing.

Shooter Alley received notice that the City was seeking attorney fees and
litigation costs under OCGA § 9-15-14 in the City's motion for sanctions. At the

hearing on the City's motion, Shooter Alley also had the opportunity to cross-examine the investigator the City used in preparing its case, and for whose work the City was seeking reimbursement. At the end of the hearing on the City's contempt motion, the trial court gave the City a chance to submit its attorney fees via affidavit and gave Shooter Alley the opportunity to submit any additional arguments via brief.[4] Shooter Alley filed a "hearing brief" in which it primarily challenged the constitutionality of the injunction, but also argued that the City was not entitled to attorney fees because Shooter Alley was not in willful violation of the injunction. The City filed its affidavit, Shooter Alley did not respond or object to it, and 10 days later, the trial court entered the order granting the request for contempt and attorney fees and costs. Shooter Alley was thus given a clear opportunity to challenge the basis on which the attorney fees and costs were assessed, and it waived the right to an evidentiary hearing by its conduct. *See Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 664 (3) (697 SE2d 233) (2010).

(c) Shooter Alley argues that the lump sum award under both OCGA § 9-15-14 (a) and (b) is not permissible, and that the trial court should have distinguished

---

[4] We note, however, that the additional arguments that Shooter Alley and the court appeared to be contemplating did not pertain to the attorney fees.

between expenses needed to prove past violations and those seeking prospective relief. But this is an inconsequential distinction because the trial court determined that the same facts supporting both civil and criminal contempt—that is, Shooter Alley's conduct in requiring a contempt action to enforce the injunction in the first place—lacked substantial justification such that an award of attorney fees and litigation expenses under OCGA § 9-15-14 was warranted. In other words, the trial court found that Shooter Alley lacked substantial justification for any of its positions in the contempt proceedings. Accordingly, it held all of the conduct in the contempt proceedings to be sanctionable.

"In cases involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. Lump sum or unapportioned attorney fees awards are not permitted in Georgia." *Razavi v. Merchant*, 330 Ga. App. 407, 410 (1) (c) (765 SE2d 479) (2014) (footnote and punctuation omitted). In its order, the trial court awarded $17,296.53 in attorney fees and litigation expenses based on the affidavit filed by the City. The trial court made this award under both § 9-15-14 (a) and (b) after finding an absence of any justiciable issue of law or fact in Shooter Alley's "contemptuous operation" and in light of on-point Supreme Court authority upholding the City's challenged ordinance. The court

8

also found that Shooter Alley willfully disregarded and disobeyed the injunction without substantial justification and expanded the proceedings to require a contempt motion. That the trial court decided to award both civil and criminal contempt to enforce its injunction does not invalidate its determination that Shooter Alley's conduct lacked substantial justification such that attorney fees and litigation expenses were appropriate under OCGA § 9-15-14. *See Murtagh*, 321 Ga. App. at 417 (3) (b) (affirming award of attorney fees made under separate statutory authority where trial court also awarded criminal contempt sanctions).

2. Shooter Alley next argues that the attorney fee award is premised on an injunction that imposes an impermissible prior restraint, is overbroad, and that the injunction is based on a statute that is unconstitutional as applied. These issues were raised in Shooter Alley's appeal that was pending before the Supreme Court of Georgia. In transferring the appeal to this Court,[5] however, the Supreme Court held that Shooter Alley had not timely raised these arguments in the trial court, and the trial court had not ruled on the constitutional challenges to the City's ordinance. We are bound by the Supreme Court's ruling—now the law of the case—that such issues

---

[5] Shooter Alley conceded at oral argument that if the Supreme Court's transfer order said that the issue of prior restraint was not preserved, then this would be the law of the case.

9

were not passed upon by the lower court. *Armstrong v. Lawyers Title Ins. Corp.*, 138 Ga. App. 727, 727-28 (1) (227 SE2d 409) (1976) (physical precedent only); *see also Stephens v. Tate*, 147 Ga. App. 366, 370 (2) (C) (249 SE2d 92) (1978). We therefore must dispose of the case as if these issues had never been raised, and consideration of Shooter Alley's argument is precluded. *Stephens*, 147 Ga. App. at 370 (2) (C); *Watson v. Frnka*, 266 Ga. App. 64, 65-66 (596 SE2d 187) (2004).

*Judgment affirmed. McFadden, P. J., and Branch, J., concur*.

ON MOTION FOR RECONSIDERATION

Shooter Alley has filed a motion for reconsideration arguing, in short, that it did not waive its right to a hearing on OCGA § 9-15-14 fees through its conduct because it timely opposed the motion. In support of this assertion, Shooter Alley relies on (1) its opposition to the court's order awarding fees filed eight days after the order was issued,[1] and (2) its post-hearing brief. Shooter Alley did not file a response brief in opposition to the City's motion seeking sanctions and attorney fees, did not make any arguments at the hearing on the motion specifically regarding the request for attorney fees, and did not request a hearing on the matter.

Shooter Alley correctly recites the law as set forth by the Georgia Supreme Court in *Williams v. Becker*, 294 Ga. 411 (754 SE2d 11) (2014). In *Williams*, the Georgia Supreme Court stated that "[a] timely objection to a motion for attorney fees under § 9-15-14, even without a specific request for a hearing, is *generally* sufficient to preclude a waiver by conduct of the right to an evidentiary hearing." 294 Ga. at 413 (2) (a) (emphasis supplied). That the rule is *generally* applicable necessarily implies that the rule is not absolute, and that some exception exists.

Thus, where, as here, a party has notice and an opportunity to respond to a party's request for attorney fees but fails to challenge timely "the reasonableness of the hourly rates or the time spent on the matter[,]" makes no request for a hearing on the issue, and is heard by the court on the one argument actually made,[2]

---

[1] This was the only argument Shooter Alley made in its initial appellate briefing as to why it did not waive its right to a hearing on Section 9-15-14 fees. The order was entered on May 19th, 2016. Shooter Alley filed its opposition on May 27, 2016.

[2] Following the hearing, Shooter Alley filed hearing brief arguing that the City was not entitled to attorney fees because Shooter Alley was not in willful violation of the injunction. The hearing addressed Shooter Alley's willful violation of the injunction.

1

it is reasonable for the trial court to conclude that an additional hearing is not needed. *See, e.g.*, *Bell v. Waffle House, Inc.*, 331 Ga. App. 443, 446 (771 SE2d 132) (2015) (finding that a party waived the right to a hearing where he did not request one and did not challenge the reasonableness of the hourly rates or the time spent on the matter, made only a procedural argument unrelated to the sufficiency of the evidence supporting the motion, and where the single issue he raised did not require one).[3] That Shooter Alley was not aware of the precise amount of attorney fees being sought until the affidavit was filed does not affect our analysis here. After the affidavit was filed following the hearing, ten days passed before the order awarding the attorney fees was entered, during which time Shooter Alley filed no objection. Further, Shooter Alley was aware that the City was seeking attorney fees for the entire contempt action. But Shooter Alley failed to timely object to the expansive request.

We also note that Shooter Alley's objection to the attorney fees filed eight days after the order awarding them was issued was not timely and therefore cannot serve as a basis for this Court to decline a finding of waiver.

Therefore, upon consideration of Shooter Alley's motion for reconsideration in the above-styled case, it is ordered that the motion is hereby DENIED.

---

[3] While this Court did not address whether a hearing was required under OCGA § 9-11-68 (b) (1) in *Bell v. Waffle House* because Bell had waived the right to any such hearing by his conduct, 331 Ga. App. at 446, we later made clear that a hearing is required. *See Richardson v. Locklyn*, 339 Ga. App. 457, 462 (793 SE2d 640) (2016).