**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 8, 2026**

# In the Court of Appeals of Georgia

A26A0017, A26A0018. OSAGHAE v. OSAGHAE.

DAVIS, Judge.

In A26A0017, Esohe Grace Osaghae ("Wife") appeals from the trial court's denial of her motion for new trial, filed after the court's entry of final judgment and divorce decree granting her divorce from Rex Osartain Osaghae ("Husband"). In A26A0018, Wife also appeals from the trial court's order finding her in contempt for failing to abide by the final judgment and decree. For the reasons that follow, in A26A0017, we affirm the final judgment and decree of divorce, but we remand the case with respect to the attorney fees award to Husband under OCGA § 9-15-14(b). In A26A0018, we reverse the judgment of contempt.

The relevant factual background and procedural history of these appeals are as follows. Husband and Wife were married on August 14, 2013, and share two minor children together. Wife has three minor children from a previous relationship. In 2011, Wife purchased a home in Tyrone, Georgia ("Tyrone Property"). On January 2, 2012, more than a year and half before the parties married, Wife deeded the Tyrone Property to herself and Husband as joint tenants.[1] The parties lived in the Tyrone Property until Wife purchased a second property in Fayetteville, Georgia, ("Fayetteville Property") on November 13, 2017.

In April 2021, Wife moved to Kingsland, Georgia, for an 18-month work assignment. Husband also planned to move to Kingsland while Wife's parents cared for the five children in Fayetteville, but he ultimately decided not to do so. Instead, Husband remained in Fayetteville, living in the Fayetteville Property, with all five children.[2]

---

[1] After the parties married, however, the property was deeded back to Wife only. Husband disputes the validity of this deed. The trial court made no findings regarding the 2017 deed.

[2] Wife's parents also lived in the Fayetteville Property for a few months during this time.

On March 8, 2022, Husband filed a petition for separate maintenance. On March 10, 2022, Wife answered and counterclaimed for divorce. On March 14, 2022, Wife filed a motion for an emergency temporary hearing which was held on March 31, 2022. Following the hearing, the trial court entered a temporary order and parenting plan awarding joint legal custody and primary physical custody to Husband. Both parties subsequently filed several motions to find the other in contempt for violations of the temporary order. Wife was found to be in violation of the temporary order three times. The trial court concluded that attorney fees were appropriate as a sanction for the contempt, but reserved the issue until after the final hearing.

At the final hearing, the trial court explicitly noted that it would consider all evidence and argument heard at all prior hearings.[3] Husband testified that he is self-employed, with a number of different businesses registered in his name, and he estimated his monthly income to be $5,382.62. The evidence shows deposits into Husband's bank account totaling approximately $1.4 million in January 2024, which he testified he used to purchase boats, cars, car parts, and other items for clients in Nigeria. He also withdrew large amounts of cash, which he testified was for business

---

[3]The final hearing, which lasted three days, was the ninth time the parties had been before the court.

related expenses to save on debit card processing fees. Based on this evidence, the trial court declined to impute any additional income to Husband. When addressing attorney fees at the final hearing, the trial court said, "Counsel, I'm going to withhold attorney's fees. I'm going to let y'all submit that within 10 days of the final ruling on this case, and y'all are going to send a letter brief to me and I'll consider it, and we're going to do it that way. Wife's counsel responded, "Thank you very much, Your Honor."

After the hearing, the trial court entered a final judgment and divorce decree which provided that Husband and Wife would have joint legal custody of the minor children and Husband would have primary physical custody subject to the parenting time outlined in the parenting plan. The parties were ordered to use Our Family Wizard App to communicate on child custody and visitation matters. The trial court found both the Tyrone Property and the Fayetteville Property were marital property. Wife was ordered to handle the sale of the Tyrone Property, and Husband was ordered to handle the sale of the Fayetteville Property. The trial court ordered the parties to equally divide the mortgage payments on both properties until each property sold. Any proceeds from the renters in the Tyrone Property were also to be divided

4

equally. Wife would begin paying child support to Husband following the sale of the Fayetteville Property.

After the final hearing, on July 22, 2024, Husband filed a motion for attorney fees which included an affidavit and detailed account of the expenses incurred during the litigation. The trial court ordered Wife to pay $10,000 in attorney fees to Husband on or before December 1, 2024. Both the written final decree and judgment of divorce and the order awarding attorney fees to Husband were filed on August 6, 2024. Wife filed a motion for new trial on the same date. On October 4, 2024, Husband filed a petition to hold Wife in contempt for violating the final judgment and decree of divorce. On December 3, 2024, the trial court held a hearing addressing Wife's motion for new trial and Husband's motion for contempt. On December 6, 2024, the trial court entered an order denying Wife's motion for new trial and finding her in contempt for (1) failing to pay Husband half of the proceeds from the Tyrone Property renters; (2) not utilizing Our Family Wizard App; and, (3) failing to pay $10,000 in attorney fees. These appeals followed.

1. First, Wife alleges the trial court abused its discretion by awarding primary physical custody of the minor children to Husband. We discern no abuse of discretion.

> Where, as here, the trial court has exercised its discretion and awarded custody of children to one fit parent over the other fit parent, an appellate court will not interfere with that decision unless the evidence shows the trial court clearly abused its discretion. Where there is any evidence to support the decision of the trial court, an appellate court cannot say there was an abuse of discretion.

*Byrne v. Byrne*, 365 Ga. App. 240, 241(1)(a) (878 SE2d 95) (2022). "A trial court in a divorce case has broad discretion in determining which parent is entitled to custody of the children." Id. at 240. "In exercising its discretion in what it determines to be the best interest of the children [a trial court] may award custody to either parent." Id. at 241. "In making a custody award, a trial court may properly consider each parent's fitness for custody, his character, his personality and his general health." Id. A trial court may also consider "the desirability of maintaining continuity and stability in the child's life when determining the best interest of the child." Id at 241-42. "It is the duty of the trial judge to resolve the conflicts in the evidence." Id at 241. In all cases in which the custody of children are at issue, OCGA § 19-9-3(a)(2) authorizes a trial court to exercise discretion, take into consideration all the circumstances of the case,

and determine solely what is in the best interest of the child. In doing so, "it permits the trial court to consider any relevant factor in that determination, including but not limited to specific factors set forth in OCGA § 19-9-3(a)(3)(A-Q)." *Davis v. Taylor*, 370 Ga. App. 837, 842(2)(c) (898 SE2d 574) (2024). "The plain language of [the statute] authorizes a trial court to [...] engage in discretionary weighing of evidence as to *any* relevant factor listed in paragraph (3) before reaching a final determination as to custody." Id. at 843 (quotations omitted)(emphasis in original).

Wife argues that the trial court abused its discretion by failing to consider Husband's inability to co-parent throughout the divorce proceedings; but the record belies this assertion. The trial court acknowledged that both parties engaged in disagreeable behavior throughout the proceedings, engaging in "gamesmanship" against one another. The trial court presided over at least nine hearings, heard testimony from both parties, the guardian ad litem, and other witnesses, and reviewed hundreds of documents submitted into evidence by both parties. At the final hearing, the trial court indicated that it considered and weighed the evidence presented at the previous hearings and gave that evidence the weight and credibility it deserved. In awarding primary physical custody to Husband, the trial court largely followed the

recommendation of the guardian ad litem, who met with the minor children, interviewed teachers and other school personnel, and considered documentary evidence provided by both parties. The minor children had been in Husband's primary physical custody since April 2021, when Wife began working in Kingsland, Georgia, and the trial court noted that the evidence shows "the children have done well" while in his temporary care. While there were co-parenting difficulties while the children were in Husband's care, there is no indication that those difficulties would be improved by awarding primary physical custody to Wife. Accordingly, because there is evidence in the record to support the trial court's award of primary physical custody to Husband, we do not find any abuse of discretion in this regard.

2. Next, Wife alleges the trial court abused its discretion by failing to consider and impute income to Husband for child support purposes. We disagree.

"We will not disturb a trial court's factual findings regarding a party's income unless clearly erroneous." *Calloway-Spencer v. Spencer*, 355 Ga. App. 743, 746(3) (845 SE2d 715) (2020). "The standard by which findings of fact are reviewed is the any evidence rule, under which a finding by the trial court supported by any evidence must be upheld." Id.

In this case, Husband submitted his domestic relations financial affidavit indicating that his income from self-employment was $5,382 per month. The trial court heard evidence that in January 2024, Husband had deposits totaling approximately $1.4 million. Also in January 2024, he had cash withdrawals totaling $18,000. Husband testified that the cash withdrawals were used for business expenses he paid in cash in order to avoid the 2.5% debit card fee. There was also evidence that Husband paid over $900,000 in purchases related to his procurement business. He testified that this large business transaction was not representative of his regular business activity.

The record shows the trial court considered all of Husband's income but simply declined to impute additional income over that which was stated in his financial affidavit.[4] Here, in addition to his testimony in support of his claimed income, his bank statements and tax returns were also in evidence Compare *Sheppard v. Milsaps*, 374 Ga. App. 480, 489(2)(a) (913 SE2d 480) (2025) (where the father presented no financial documents, such as tax returns or bank statements, to support his claimed income).

---

[4] The trial court acknowledged Wife's allegations that Husband's income was drastically higher than what he indicated in his Domestic Relations Financial Affidavit: "I understand there's allegations that he's making a bunch of money. I think he probably is somewhere, but I can't put my thumb on it. I've got so much going on, I would be using a magical Ouija board trying to get a number. But I've got those definitive numbers."

Because there is evidence in the record to support the trial court's findings of Husband's income, we find no abuse of discretion.

3. Wife also alleges the trial court abused its discretion in determining the Tyrone Property was marital property. We discern no abuse of discretion.

"The division of marital property is committed to the discretion of the trier of fact, and its discretion in this respect is broad." *Velazquez v. Perez*, 367 Ga. App. 555, 556 (887 SE2d 398) (2023).

Wife asserts that because she purchased the Tyrone Property in 2011, prior to her marriage to Husband, the Tyrone Property should be considered pre-marital property and divided using the Source of Funds Rule. In support of this position, Wife relies on *Horton v. Horton*, 299 Ga. 46 (785 SE2d 891) (2016), where despite a "brief transfer," the court found the property remained the separate property of the husband. Id. at 48-50 (1). Wife asserts that because she alone owned the Tyrone Property in 2011, it was transferred to Wife and Husband jointly in 2012, and in 2017 was transferred from Husband and Wife back to Wife alone, *Horton* is analogous and controls the outcome of this issue.

But Wife ignores the pre-marital timing of the January 2, 2012, quit claim deed where — more than a year and half prior to their marriage — Wife deeded the Tyrone Property to herself and Husband as joint tenants. This pre-marital deed means that no part of the Tyrone Property was brought into the marriage by Wife. The Tyrone Property was the joint property of Husband and Wife prior to the marriage.[5] In *Horton,* there was no dispute that the house was the husband's separate property at the time of the parties' marriage. *Horton*, 299 Ga. at 49(1). During the parties' marriage, the husband transferred the property to the wife in contemplation of filing a bankruptcy petition. Id. at 47-48. After learning the transfer would not place the property out of reach of a bankruptcy trustee, the wife deeded the property back to the husband, less than two months later. Id. at 48. The "brief transfer" during the marriage in *Horton* is not analogous to the pre-marital transfer that occurred here. We find the trial court did not abuse its discretion in finding the Tyrone Property was marital property.

---

[5] We need not address the 2017 deed because the Tyrone Property was the property of Husband and Wife prior to the marriage, and any transfer that occurred in 2017, during the parties' marriage, was a transfer within the marriage. Property acquired by one spouse as the result of an interspousal gift of marital property retains its status as marital property. *Avera v. Avera* , 268 Ga. 4, 4(1) (485 SE2d 731) (1997).

4. Finally, Wife alleges the trial court abused its discretion in awarding attorney fees to Husband under OCGA § 9-5-14(b) because the award constituted an improper lump sum and because the trial court granted the request for attorney fees without holding a hearing. Although we conclude that the trial court did not err by failing to hold a hearing in this matter, we agree that the trial court's order failed to show the complex decision making process that was involved in reaching the particular dollar amount.

(a) *Lump Sum Attorney Fees Not Permitted*

> Attorney's fees and expenses of litigation awarded under OCGA § 9-15-14 shall not exceed amounts which are reasonable and necessary for defending or asserting the rights of a party. The award must be supported by sufficient proof of the actual costs and the reasonableness of those costs. When a trial court decides in its discretion to award such attorney fees and costs, it is incumbent upon the court to specify the conduct upon which the award is made. To permit meaningful appellate review of an award of fees and expenses, the trial court's order cannot be too vague and conclusory, such as where it fails to cite examples of conduct that authorize the award.

*Cohen v. Rogers*, 341 Ga. App. 146, 152(2)(b) (789 SE2d 701) (2017) (quotation marks omitted).

Wife first asserts the trial court's award of attorney fees was improper because it constituted a "lump sum" award, which is prohibited in Georgia.[6]

> The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if … it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct[.]

OCGA § 9-15-14(b). Any fees awarded "shall not exceed amounts which are reasonable and necessary for defending or asserting the rights of a party." OCGA § 9-15-14(d). "[W]hen awarding fees under OCGA § 9-15-14, the court must limit the fees award to those fees incurred because of the sanctionable conduct. Thus, lump sum or unapportioned attorney fees awards are not permitted in Georgia." *Lockhart v. Lockhart*, 361 Ga. App. 499, 503-04(3) (836 SE2d 174) (2021) (citation modified). The trial court's order must specify the conduct that authorizes the award of attorney fees and indicate which fees and costs associated with that conduct are being awarded. *Roth v. Crafton*, 363 Ga. App. 254, 257(3)(a) (870 SE2d 804) (2022).

---

[6] To the extent that Wife argues that the trial court erred by awarding attorney fees under OCGA § 9-15-14(a), this argument is a non-starter because the trial court awarded attorney fees pursuant to OCGA § 9-15-14(b), not OCGA § 9-15-14(a).

Here, the trial court's order awarding attorney fees merely referenced the plaintiff's motion for attorney fees as the basis for awarding the fees. The trial court did not specify what actions by the Wife were sanctionable, nor did the trial court separate out the fees the Husband incurred that could be attributable to the sanctionable conduct.

> It is obvious the trial court was attempting to reach an equitable figure and the sum arrived at may well have been reasonable. [...] On it's face, however, the trial court's order fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why the amount awarded was [$10,000] as opposed to any other amount. While the court may well have engaged in such a process, it is not reflected in the award or the record.

*Huggins v. Chapin*, 233 Ga. App. 109, 110 (503 SE2d 356) (1998). Therefore, we agree that the attorney fees award to Husband constitutes a lump sum award and that the trial court failed to show the complex decision making process that was involved in reaching the $10,000 dollar amount. Accordingly, we vacate the attorney fees award and remand the case for the trial court to enter an order reflecting the specific conduct and the cost and fees associated with that conduct for which the fees are being awarded.

(b) *Wife Waived Hearing on Attorney Fees*

It is true that, "[i]n order for an award under OCGA § 9-15-14 to be valid, the trial court must conduct an evidentiary hearing to determine the amount of reasonable and necessary attorney fees, and the failure to do so is reversible error." *Shooter Alley, Inc. v. City of Doraville*, 341 Ga. App. 626, 628(1)(b) (800 SE2d 588) (2017) (quotation marks omitted). "An exception to this requirement exists where a party against whom attorney fees may be awarded waives the hearing either expressly or by its conduct." Id. Wife waived a hearing on attorney fees when the trial court indicated it would decide the issue of attorney fees by letter brief, and Wife did not object but instead acquiesced to the trial court's decision. See id. at 629(1)(b) (trial court did not err by failing to hold hearing on motion for attorney fees under OCGA § 9-15-14 where the appellant failed to object after the trial court announced its intention to allow the parties to submit their arguments regarding the fees via brief). Thus, we find the trial court did not abuse its discretion by awarding attorney fees without a hearing.

*Case No. A26A0018*

5. In this appeal, in two related claims, Wife alleges the trial court erred by finding her in contempt of the final judgment and decree of divorce. We agree.

15

"The filing of a motion for new trial ... shall act as supersedeas unless otherwise ordered by the court[.]" OCGA § 9-11-62(b). Here, Wife's motion for new trial acted as an automatic supersedeas that precluded the trial court from holding her in contempt for violating the provisions of the final order because nothing in the trial court's final order exempted any provision from automatic supersedeas. *Dunn v. Dunn*, 363 Ga. App. 132, 133-34(1) (871 SE2d 30) (2022) (pending motion for new trial suspended the enforceability of a divorce decree and child custody provisions). And we note that despite the fact that the trial court technically entered the order on Wife's motion for new trial prior to the order finding her in contempt, there was no opportunity for the wife to comply with the order between the time of the denial of the motion for new trial and the finding of contempt.[7] *Hunnicutt v. Hunnicutt*, 248 Ga. 516, 519(3) (283 SE2d 891) (1981). Because the enforceability of the order was suspended during the time Wife's motion for new trial was pending, she was not yet required to comply with the terms of the divorce decree, and we therefore reverse the trial court's order in A26A0018 finding Wife in contempt.

---

[7] The order denying Wife's motion for new trial was entered on December 6, 2024 at 9:21 AM and the order finding Wife in contempt for violating the final order was entered on December 6, 2024 at 9:22 AM.

In summary, in A26A0017, we affirm the portions of the trial court's order awarding primary custody of the minor children to Husband, determining Husband's income, and finding the Tyrone Property was marital property. However, we vacate the portion of the order awarding attorney fees and remand the case for the trial court to enter an order reflecting the specific conduct and the costs and fees associated with the conduct for which the fees are being awarded. In A26A0018, we reverse the trial court's order finding Wife in contempt.

*Judgment affirmed in part and vacated in part, and case remanded with direction in A26A0017. Judgment reversed in A26A0018. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*